## UNITED STATES v. VIGORITO.
### No. 153.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1933.

David F. Price, of Brooklyn, N. Y. (Emil Weitzner, of New York City, of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Henry G. Singer, and Emanuel Bublick, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Gabriel Vigorito (or Vigoretti, as he is usually called) was tried with several other defendants upon an indictment which charged violation of the National Motor Vehicle Theft Act (18 USCA § 408) and conspiracy to violate said act. The jury found him guilty of the conspiracy charge and of two separate violations of the statute as alleged in counts 16 and 17, each of which charged transportation of a stolen automobile between Brooklyn, N. Y., and Leningrad, Russia. Sentence upon the conspiracy count was suspended; hence no review is sought of the judgment of conviction under that count. United States v. Levinson, 54 F.(2d) 363 (C. C. A. 2). For each of the substantive offenses he was sentenced to five years' imprisonment; the sentences to run consecutively. By this appeal he seeks to set aside the judgment of conviction under counts 16 and 17 of the indictment.

The appellant presents three points: (1) An error in the charge as to burden of proof to establish "a defense of alibi"; (2) the absence of evidence that Vigoretti had knowledge that the cars were stolen; and (3) the failure of the government to prove that the two cars mentioned in counts 16 and 17 were actually transported in foreign commerce. These points will be discussed seriatim, with such statement of the facts relating to each as seems necessary.

■ The so-called "defense of alibi" is a defense only in the sense that any contradiction of facts which the government must prove to establish guilt may be called a "defense." The burden of proving guilt must always rest upon the prosecutor. Williams v. United States, 158 F. 30, 35 (C. C. A. 8). In the case at bar the government's witness Barker had identified Vigoretti as the man to whom he had delivered, in Trenton, N. J., on July 1 or 2, 1932, dock receipts for the stolen cars in question. To contradict this testimony connecting Vigoretti with the illegal transportation, witnesses were produced who testified that he was in Acra, N. Y., on those dates.

In charging the jury, the judge said with respect to this testimony:

"Well, that is a proper defense under the law, if established, but the burden is not upon the Government. The burden is upon the defendant to establish the alibi; but if under all the circumstances you believe that he could not have been there at a certain time, that is proper under the law."

■ To charge that a defendant has the burden of establishing an alibi is plainly erroneous, for the burden of proving guilt never shifts from the government. Glover v. United States, 147 F. 426, 431, 8 Ann. Cas. 1184 (C. C. A. 8); Falgout v. United States, 279 F. 513, 515 (C. C. A. 5); Cangelosi v. United States, 19 F.(2d) 923 (C. C. A. 6). But no exception was taken to the charge, and no request made to correct it. While this does not preclude an appellate court from taking note of an error and reversing the judgment, the right to do so is exercised sparingly and only when the court is convinced that serious prejudice has resulted. See Gruher v. United States, 255 F. 474, 478 (C. C. A. 2); United States v. Drexel, 56 F.(2d) 588, 589, (C. C. A. 2); Hughes, Fed. Prac. § 7154. In the present case we are not so convinced. Both before and after giving the objectionable charge as to alibi, the judge repeatedly charged that the prosecution had the burden of establishing guilt beyond a reasonable doubt and that the defendants were not required to establish their innocence. At the request of Vigoretti he subsequently referred to the question of identification of the defendants and charged that "the question of identity is like any other question of fact in the case" and to be determined by common sense, judgment, and reason. The jury expressly stated that Vigoretti had received the dock receipts, thus indicating clearly that they believed Barker's testimony in preference to that of the alibi witnesses. Viewing the charge as a whole and considering the specific finding of the jury, we think that the error now complained of for the first time was not of sufficient importance to require reversal.

■■ The second point raises a question of the sufficiency of the evidence to charge the appellant with knowledge that the cars were stolen. Proof of such knowledge is essential. Linde v. United States, 13 F.(2d) 59 (C. C. A. 8). It is urged that the trial court erred in refusing to direct a verdict of acquittal. The proof was adequate that Vigoretti received the dock receipts from Barker and that he was acting on behalf of Neilson, who

was shown to be engaged on a large scale in shipping stolen cars abroad. It is suggested that he may have been merely an innocent messenger of Neilson. But this supposition appears unlikely in the light of the record. Goldstein, a dealer in used cars, testified that an unknown man whom he now identifies as Vigoretti approached him in September, 1930, and proposed to sell him stolen cars. This showed that the appellant was willing at that time to deal in such goods. He then gave the name of "Bob," and there was a "Bob" among the confederates of the guilty Neilson. While it is true that the latter may not have been Vigoretti, the similarity in name need not be wholly disregarded. Furthermore, the corporation used by the confederates to deal in these stolen cars, namely, Borough Hall Auto Exchange, had formerly been in charge of Vigoretti's brother-in-law. All these facts taken in connection with getting the dock receipts present a situation which the jury might properly construe against the defendant. The inference is legitimate that he knew the plan and was himself one of the conspirators, as the jury found. We find no error in refusing to direct an acquittal.

The final point is the absence of formal proof that the cars were shipped in foreign commerce. That they were placed upon a vessel bound for Leningrad is conceded, and perhaps a jury might be permitted to infer that a ship so laden departed on her intended voyage, but we need not so decide. The appellee relies upon a concession on the record. It is true that originally the concession did not extend to the two Cadillac cars mentioned in the sixteenth and seventeenth counts. However, the question of the extent of the concession came up later, and the court stated that the defendants had conceded that witnesses, if called, "would testify that the automobiles mentioned in the counts, all of the counts, were shipped in interstate commerce." Vigoretti's counsel thereupon admitted the court's recollection was correct. The court's reference to interstate commerce meant, of course, foreign commerce, for the witness then on the stand and forthwith withdrawn in consequence of the concession, was being questioned about shipment on a foreign bound steamer. Finally, in the argument to dismiss, the appellant's counsel said that he had conceded that the witnesses would testify that "four cars were shipped from Brooklyn to Trenton and the others were shipped to foreign parts." It is therefore clear that, although the original concession was inadequate to cover the cars consigned to Russia, the parties understood that it did cover these as well as those consigned to Scandanavian ports. The court charged the jury that it covered all, and no exception was taken.

Finding no merit in the points urged by the appellant, we affirm the judgment.