## REAVIS v. UNITED STATES.

### No. 1538.

Circuit Court of Appeals, Tenth Circuit.

Dec. 20, 1937.

David Tant, of Oklahoma City, Okl., and W. F. Duncan, of Watonga, Okl., for appellant.

William C. Lewis, U.S.Atty., and Wade H. Loofbourrow, Asst.U.S.Atty., both of Oklahoma City, Okl.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

Appellant and Marvin Carroll were charged by indictment: (1) with possession and control of a still set up for use by them in the manufacture of distilled spirits, said still not having been registered; (2) with making and fermenting mash fit for distillation or production of spirits or alcohol on premises other than those of a distillery authorized by law; (3) with defrauding, or attempting to defraud the United States of the tax required by law to be paid upon spirits distilled by them, they being then and there engaged in carrying on the business of a distiller; and (4) with having in their possession and under their control distilled spirits, to-wit, whiskey the immediate containers of which did not then and there bear stamps denoting the quantity of distilled spirits therein contained evidencing payment of all internal revenue taxes imposed and required by law to be paid on said spirits, contrary to statutes in such cases made and provided. Carroll pleaded guilty. Appellant went to trial, was convicted on each of the four counts, and was sentenced. He appeals.

The only matter presented by appellant for our consideration is the charge to the jury by the District Judge on the subject of an alibi to which exception was saved thus: "to that part of the court's charge on the defendant's defense of an alibi, and particularly that part of the court's charge wherein the court criticized the defense of an alibi as being an unsatisfactory defense." As to the alibi the court said:

"Now in this case, as to the evidence, we have a direct and positive conflict. The sheriff of Blaine County testified that he has known Reavis for many years; that as soon as he heard his voice he recognized him, and that he saw him when the flash light was thrown upon his face. Practically the same testimony was given by the undersheriff, and both testified positively it was Otto Reavis; that there was no doubt in their minds at all; that they were positive. * * * They further testified that he was riding a black horse; that they recognized the horse, and that they traced the horse's foot prints up to the barn lot; that they went on up to the lot that night and saw

the horse in the lot; saw a saddle that had been thrown down there at the barn; they went in the house and Otto Reavis was in bed and they arrested him. * * *

"Now on the other hand, the defendant denies positively that he was there, that he had anything to do with that still or that he knew anything about this transaction. He said he never was at the still until the officers took him up there after the arrest. The co-defendant Carroll says that this man had nothing to do with the still; that he was running it for a man named Krause, who lived in Kansas. * * * The other testimony is largely in the nature of an alibi, that at the time this man was supposed to have been down at the still he was up at the house in bed asleep. An alibi is a very unsatisfactory type of testimony. It is unsatisfactory for the reason it does not give the opposing side any notice of its character until it is too late to get witnesses to meet it, ordinarily. In this case, the mother said that the boy was there that night. The sister-in-law says he was there that night. The brother of this defendant says he was there when he was there, so it comes right down to the proposition that all these witnesses cannot be telling the truth. Somebody is mistaken, or somebody is testifying falsely.

"So the question for you to determine is which one of these groups is testifying falsely and which one is not."

None of the evidence, verbatim or in substance, is included in the bill of exceptions except as it is embodied in the court's instructions to the jury. The bill of exceptions recites that: "the government introduced testimony in support of its indictment. Whereupon, the defendants introduced testimony tending to show that he was at another and a different place at the time the government witnesses claimed to have seen him." The Judge's certificate to the bill of exceptions states that it, "contains the proceedings had, all the evidence offered, admitted, or adduced at the trial of the said cause, together with all exceptions taken which are applicable to the questions raised on this appeal." The defendant in stating the objection and exception to the court's instruction said: "We would like to object to and reserve an exception to that part of the court's charge on the defendant's defense of an alibi, and particularly that part of the court's charge wherein the court criticized the defense of an alibi as being an unsatisfactory defense." Whereupon the court said: "Very well, exceptions allowed. (Hereupon the jury retires to consider its verdict.)"

It thus appears from the bill of exceptions that the testimony which the District Judge certified as having been introduced by the defendant was, in the court's opinion, "in the nature of an alibi", being testimony "tending to show that the defendant was at another and different place at the time the government witnesses claimed to have seen him." Viewed in that way only it would be applied by the jury to a mere conflict in the testimony. But it further appears that defendant's counsel in making his objection stated that defendant's testimony to establish an alibi was a defense to the charges against him. Viewed in that way it alone would be a complete and absolute defense, if established to the satisfaction of the jury; or if considered in connection with the other facts and circumstances it might have raised in the minds of the jury a reasonable doubt entitling the defendant to an acquittal. The jury should have been so instructed. Glover v. United States, 8 Cir., 147 F. 426, 8 Ann.Cas. 1184; Falgout v. United States, 5 Cir., 279 F. 513; Louie Ding v. United States, 9 Cir., 246 F. 80; United States v. Vigorito, 2 Cir., 67 F. 2d 329; Cangelosi v. United States, 6 Cir., 19 F.2d 923; Com. v. Webster, 5 Cush., Mass., 295, 319, 52 Am.Dec. 711; Com. v. Choate, 105 Mass. 451; Thompson on Trials, vol. 2, § 2433 et seq.; Greenleaf on Evidence, 15th Ed., vol. 1, note to section 80; Id., vol. 3, § 30; Wigmore on Evidence, 2d Ed., § 2512; The Modern Law of Evidence by Chamberlayne, vol. 2, § 973.

There are two main issues that arise in every criminal case which the prosecution must prove beyond a reasonable doubt: First, the corpus delicti; and Second, the defendant's connection with the perpetration of the crime.

The Judge's statements of the facts in his instructions to the jury indicated that a federal agent was with the sheriff and his deputy on the night or late evening at the still. He declined to testify that he saw Reavis. He said he saw the man who came only faintly that night and was not able to identify him in the court room. Carroll and the appellant both testified that the appellant had nothing to do with the still. The court said to the jury:

"The only other circumstances which tend to connect Reavis with this transaction

aside from the fact that it was there adjoining his farm, in close proximity to the farm, was the statement of the co-defendant, Carroll. The revenue agent testified that Carroll said that night 'that old horse Otto is riding is so old it is a wonder he don't fall down.' Carroll denies that statement."

We cannot agree that the proximity of the still to Reavis' farm or the statement attributed to Carroll by the federal agent had any tendency whatever to prove that appellant was a party to the commission of any of the four offenses charged against him. Nor for that purpose can we attribute any weight to the fact, if it be a fact, that he rode up to the still on the occasion stated. On the record brought here it is our opinion that there should have been instructed verdicts of not guilty.

Reversed and remanded.