El Pueblo de Puerto Rico, demandante y apelado, *v.* Sinforoso González, acusado y apelante.

Núms. 13493 y 13494.—*Sometidos:* Enero 10, 1949. *Resueltos:* Febrero 15, 1949.

*Mario Báez García,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General,* en el alegato) y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué convicto de asesinato en segundo grado y de portar armas. En el caso de asesinato alegó la defensa propia. En el de portar armas, que la portaba en finca de su propiedad.

Una vez terminadas las instrucciones generales, el acusado solicitó la siguiente instrucción especial que fué denegada por la corte, a saber:

"Si el jurado tiene duda en cuanto a si el acusado actuó o no en defensa propia, debe darse el beneficio de la duda al acusado, y resolverse que actuó en defensa propia."

Se queja el apelante de que sus derechos sustanciales fueron perjudicados por la negativa de transmitir dicha instrucción.

I

■ Al que invoca la legítima defensa incumbe presentar la prueba en su apoyo, a menos que de la del fiscal surja dicha defensa. Es al fiscal, sin embargo, a quien en todo momento del proceso incumbe probar la culpabilidad del acusado más allá de duda razonable. El acusado no está en la obligación de probar la defensa propia más allá de duda razonable sencillamente porque si así fuera, se le estaría exigiendo que probase su inocencia, y todo acusado se presume inocente hasta que se pruebe su culpabilidad. En consecuencia, bastará que la evidencia en apoyo de la defensa propia considerada conjuntamente con toda la prueba, lleve a la mente del jurado duda *razonable* de si el acusado actuó en defensa propia, para que exista el deber de darle el beneficio de esa duda y traer un veredicto de no culpable. *De Groot* v. *United Slates*, 78 F.2d 244 (C.C.A. 9th, 1935); *Frank* v. *United States*, 42 F.2d 623 (C.C.A. 9th. 1930).

Empero, la instrucción especial solicitada adolece del defecto de no expresar que la duda que beneficia al acusado debe ser una *duda razonable*. Ésta no debe ser caprichosa o arbitraria. Por el contrario, precisa que esté fundada en la evidencia considerada en conjunto y debe ser de tal grado que impida a una mente desapasionada y libre de prejuicios llegar a una convicción o certeza moral con respecto a la culpabilidad del acusado. Naturalmente, la corte inferior no podía transmitir la instrucción especial en la forma errónea en que había sido redactada. Pero todo acusado tiene derecho a que se transmitan instrucciones sobre los distintos aspectos de la duda razonable envueltos en su caso. De no estar la instrucción especial sustancialmente comprendida en las instrucciones generales, en cumplimiento

de ese deber para con el acusado, bien pudo la corte agregar a la palabra "duda" en las dos ocasiones en que se usa en la instrucción especial el calificativo de "razonable" y de ese modo el defecto de la instrucción hubiera quedado subsanado.

## II

Establecido que la instrucción así modificada hubiera constituído una correcta exposición de la ley, pasaremos ahora a determinar si la misma se halla sustancialmente comprendida en las instrucciones generales, y en caso de no estarlo, si el rehusar transmitirla perjudicó los derechos sustanciales del acusado. Hemos estudiado las instrucciones en su totalidad para llegar a la conclusión que la parte pertinente a la cuestión que consideramos, es la que sigue:

"Si los señores del Jurado creen que no se ha realizado ningún delito o que no se ha justificado plenamente que la muerte de Hiram González se deba a acto alguno del acusado, o si creen que no se ha probado en manera alguna su culpabilidad del acusado *o si tienen duda de ella*, [de la culpabilidad del acusado] *razonable y fundada, o si estiman que el acusado actuó en legítima defensa propia,* entonces, en cualquiera de estos casos, es deber de ustedes declarar no culpable al acusado." (Bastardillas nuestras.)

Hemos subrayado las frases pertinentes de la instrucción transcrita para así destacar el error de la corte sentenciadora al rehusar transmitir la instrucción especial, modificada como se ha dicho. Notaremos inmediatamente que la corte, al referirse a la culpabilidad del acusado, instruyó al jurado que si tenía "duda razonable y fundada" de su culpabilidad debería traer un veredicto de no culpable. En cambio, al referirse a la legítima defensa, se limitó a decir que si estimaba que el acusado actuó en defensa propia también debería traer un veredicto de no culpable. Pero, nada le dijo sobre duda razonable en relación con la prueba de la defensa propia. Por el contrario, al usar la disyuntiva y

referirse a la duda razonable cuando se trata de culpabilidad en general y no mencionarla en relación con la defensa propia, naturalmente, se está excluyendo la instrucción especial. Bien pudo creer el jurado que el acusado venía obligado a convencerlo de que había actuado en defensa propia y al no estar completamente satisfecho de ello, declararlo culpable, a pesar de que la prueba que presentó el acusado hubiera llevado a su mente duda razonable de si actuó en defensa propia. En tales circunstancias, debemos presumir que los derechos sustanciales del acusado fueron perjudicados.

El otro error señalado se refiere a la apreciación de la prueba. Esta es contradictoria y en sí suficiente para ser sometida a la consideración del jurado, pero habiéndose cometido el primer error, es inevitable revocar la sentencia, en cuanto al asesinato, y devolver el caso para la celebraciós de un nuevo juicio.

### III

En relación con el caso de portar armas, ya hemos indicado que la defensa del acusado fué que la portó en finca de su propiedad. Pero de su propia declaración resulta que tomó el arma antes de llegar a la finca, en la casa de Pedro Rodríguez, donde la tenía guardada, y de allí se dirigió a la finca. Esto demuestra que el acusado portó el arma ilegalmente desde la casa de Pedro Rodríguez hasta que penetró en su finca. *Pueblo* v. *Nevares,* 52 D.P.R. 801.

*Procede confirmar la sentencia en el caso de portar armas y revocarla en el de asesinato, devolviéndose el caso a la corte inferior para la celebración de un nuevo juicio.*

El Juez Asociado Sr. Negrón Fernández no intervino.