THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. DOLORES CARRERO MUÑIZ, Defendant and Appellant.

Nos. 14432–434.   Argued June 1, 1950.—Decided June 22, 1950.

*Mario Báez García* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court* and *Frank Vizcarrondo, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

██ Appellant was accused of attempt to kill, carrying weapons and violation of the Registration of Firearms Act. His defense was that at the time of the perpetration of the crime of attempt to kill he was not at the place where the events in question took place. When charging the jury in regard to the defense of alibi, the trial judge said:

"The theory of the defense is based on an alibi. An alibi is the defense set up in order to show that the person accused was at a different place than that at which the crime was committed at a time in which he would have been unable to be at that place when said crime was committed. If the evidence introduced in support of an alibi fails to show *clearly* that the defendant was at the place he claims and precisely

at the same time the events took place or that he could not have been at the place of the crime when the latter was committed, the alibi has not been established. In other words, if the defendant had been able to be where he alleges he was at that time and could nevertheless also have been at the place of the crime when the latter was committed, there is no alibi.

" . . . . . . . .

" . . . If you finally think that the defendant has duly established his defense of alibi, or if you hold a reasonable doubt as to defendant's guilt, it is your duty to give the defendant the benefit of the doubt and find him not guilty, in the event that you hold a reasonable doubt as to his guilt, *it likewise being your duty to acquit the defendant in the event that you think that his defense of alibi has been duly established.*" (T. of E. pp. 96 and 103). (Italics ours).

The defense moved the court to give a specific instruction which was refused by the judge on the ground that it was improper. This instruction reads thus:

"The defendant is not bound to prove his alibi beyond a reasonable doubt. If he succeeds in raising through his evidence a reasonable and grounded doubt as to his alibi, he should be acquitted, for to require that he prove it beyond any reasonable doubt is tantamount to requiring him to prove his innocence."

Undoubtedly both of the instructions copied above, insofar as they refer to the reasonable doubt in connection with the defense of alibi, are erroneous and prejudiced substantial rights of the defendant. The defendant was entitled to the benefit of the doubt in the event that a reasonable doubt arose in the minds of the jury with respect to whether or not he was at the scene of the crime when it was committed. For the same reason the lower court erred in not giving the special instruction requested by the defendant. *Reavis* v. *United States,* 93 F. 2d 307 (C.A. 10, 1937); *People* v. *McCoy,* 153 P. 2d 315 (Cal. 1944); *Goodall* v. *United States,* 180 F. 2d 397 (C.A., D.C. 1950); *People* v. *Intersimone,* 266 App. Div. 280 (N.Y. 1943); *cf. People* v. *González,* 69 P.R.R. 533.

■ The Assistant *Fiscal* of this Court joins the defense in praying for the reversal of the judgment for attempt to kill. He insists, however, that the judgments for carrying weapons and violation of the Registration of Firearms Act should be affirmed. His ground for affirming these judgments is that the evidence was conflicting and the judge, in the weighing thereof, with respect to the two misdemeanors, gave credence to the evidence of the district attorney. We cannot agree with the *Fiscal* in his request to affirm the judgment in these two offenses. The two general instructions and the refusal to charge the jury with the special instruction, tended to show that the judge erroneously thought that the defendant should establish beyond a reasonable doubt that he was not present at the place in question when the crime was committed. This erroneous belief would prevent the judge from giving the defendant the benefit of the doubt in his weighing of the evidence in regard to the two misdemeanors. It seems clear that, had the judge entertained a reasonable doubt as to said defense, the defendant would be entitled to the benefit of the doubt and should be acquitted in both cases, for it would not have been proved beyond a reasonable doubt that at the time specified in the information, the defendant had been carrying a weapon.

The three judgments will be reversed and the three cases remanded to the lower court for new trials.