EL PUEBLO DE PUERTO RICO, demandante y apelado, v. DOLO-
RES CARRERO MUÑIZ, acusado y apelante.

Núms. 14432-434.—*Sometidos:* Junio 1, 1950. *Resueltos:* Junio 22, 1950.

*Mario Báez García,* abogado del apelante; *Hon. Procurador Ge-
neral Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del
Tribunal Supremo* y *Frank Vizcarrondo, Fiscal Auxiliar,*
abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del
tribunal.

■■ El apelante fué acusado de los delitos de atentado
a la vida, portar armas e infracción a la Ley sobre Registro
de Armas. Su defensa consistió en que él no se hallaba en

el sitio donde ocurrieron los hechos denunciados. Al transmitir sus instrucciones al jurado y en relación con la defensa de coartada, el juez sentenciador se expresó así:

"La teoría de la defensa es a base de una coartada. Una coartada o 'alibi', como se le llama corrientemente en derecho, es la defensa que se establece para demostrar que la persona a quien se acusa se encontraba en un sitio distinto de aquél en que se cometió el delito a un tiempo en que no ha podido estar en el sitio ése en el momento en que dicho delito se cometió. Si la prueba presentada para establecer una coartada deja de demostrar *claramente* que el acusado se encontraba en el sitio que alega y precisamente en el mismo momento de la ocurrencia de los hechos o que él no pudiera encontrarse en el lugar del delito al tiempo de ocurrir éste, la coartada se ha dejado de establecer. En otras palabras, si el acusado ha podido estar en el sitio que él alega se encontraba en ese momento y sin embargo ha podido estar también en el lugar del delito en el momento en que éste se cometió, no existe la coartada.

". . . . Si ustedes finalmente creen que el acusado ha establecido debidamente su defensa de coartada, o si tienen duda razonable acerca de la culpabilidad del acusado, es deber de ustedes darle el beneficio de la duda al acusado y declararlo no culpable, en caso de que tengan duda razonable de su culpabilidad, *como así también es deber de ustedes absolver al acusado en caso de que crean que ha quedado debidamente establecida por él su defensa de coartada.*" (T. de E. págs. 96 y 103.) (Bastardillas nuestras.)

La defensa solicitó que se transmitiera una instrucción especial que el juez denegó por considerarla improcedente, la cual dice así:

"El acusado no tiene que probar la coartada fuera de toda duda razonable. Si establece con su prueba una duda razonable y fundada de su coartada debe absolvérsele, pues exigírsele que la pruebe fuera de toda duda razonable equivale a exigírsele que pruebe su inocencia."

No cabe duda que las dos instrucciones transmitidas antes transcritas, en lo que se refieren a la duda razonable en rela-

ción con la defensa de coartada, son erróneas y perjudicaron los derechos sustanciales del acusado. Este tenía derecho a que se le diera el beneficio de la duda en caso de que una duda razonable surgiera en la mente del jurado con respecto a si el acusado estaba o no en el sitio de los sucesos en el momento en que se cometió el delito. Por la misma razón erró al no transmitir la instrucción especial solicitada por el acusado. *Reavis* v. *United States,* 93 F.2d 307 (C.C.A. 10, 1937) ; *People* v. *McCoy,* 153 P. 2d 315 (Cal. 1944) ; *Goodall* v. *United States,* 180 F.2d 397 (C.A., D.C. 1950) ; *People* v. *Intersimone,* 266 App. Div. 280 (N.Y. 1943) ; Cf. *Pueblo* v. *González,* 69 D.P.R. 574.

El fiscal auxiliar de este Tribunal se une a la defensa para solicitar la revocación de la sentencia por atentado a la vida. Insiste, sin embargo, en que las sentencias por portar armas e infracción a la Ley Sobre Registro de Armas deben ser confirmadas. Se basa en cuanto a la confirmación de las mismas en que la prueba fué contradictoria, y el juez, al apreciarla en relación con los dos casos *misdemeanors,* dió crédito a la del fiscal. No podemos convenir con éste en cuanto solicita la confirmación de la sentencia en estos dos delitos. La transmisión de las dos instrucciones generales y la negativa a dar la instrucción especial, tiende a demostrar que el juez erróneamente creía que el acusado debía probar más allá de duda razonable que él no se hallaba presente en el sitio del los sucesos en el momento en que se cometió el delito. Esa creencia errónea le impediría al juez dar el beneficio de la duda al acusado al apreciar la prueba en relación con los dos delitos *misdemeanors.* Parece claro, que si el juez hubiera tenido duda razonable con respecto a dicha defensa, el acusado tendría derecho al beneficio de la duda y debía absolverlo en dichos dos casos, pues no se habría probado más allá de duda razonable que en el momento indicado en la acusación, el acusado estuviera portando un arma.

*Procede revocar las tres sentencias y devolver los tres casos a la corte inferior para la celebración de nuevos juicios.*