**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jessie MAROY, Defendant-Appellant.**

**No. 11954.**

United States Court of Appeals Seventh Circuit.

Oct. 17, 1957.

Rehearing Denied Nov. 13, 1957.

R. Eugene Pincham, Chicago, Ill., Chas. B. Evins, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John F. Grady, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

The defendant-appellant, Jessie Maroy, and his co-defendant below, Edward Minor, were jointly tried before a jury for alleged violations of the narcotics laws. The indictment on which they were tried was in three counts. Count one charged a violation of Title 26 U.S.C.A. § 4704(a), Count two charged a violation of Title 21 U.S.C.A. § 174, and Count twelve charged a conspiracy in violation of Title 18 U.S.C.A. § 371. The jury returned a verdict finding both defendants guilty of all three counts and this appeal by the defendant, Jessie Maroy, followed.

The defendant-appellant insists on reversal for the reason (1) "the evidence is insufficient upon which to sustain a finding of guilty of Maroy of having on May 10, 1956 unlawfully purchased or concealed narcotic drugs, or of having conspired so to do", (2) "there is no evidence in the record that Maroy aided and abetted Minor in the unlawful purchase or concealment of drugs and the Court's instructions thereon are without

evidentiary support and their submission was therefore error", and (3) the instructions on aiding and abetting were repetitious and "prejudicially over-emphasized the charge and instructed the jury to find Maroy guilty thereof."

■ In the consideration of the sufficiency or insufficiency of the evidence to support the verdict of the jury we cannot weigh the evidence or test the credibility of the witnesses. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. U. S., 1942, 315 U.S. 60, 80, 62 S. Ct. 457, 469, 86 L.Ed. 680.

The facts, established by the evidence viewed in its aspects most favorable to the Government, are that on the afternoon of May 10, 1956, John A. Gjertsen, a Federal Narcotics Agent, and Thomas L. Cross, a special employee of the Narcotics Bureau, were standing together in the vicinity of Hoyne and Madison Streets in Chicago. Cross was a user of heroin. Cross and Gjertsen noticed Maroy, together with his co-defendant, Edward Minor, drive up in a 1956 Pontiac automobile. Maroy was driving and he owned the automobile. Maroy parked his car at the curb on the South side of Madison Street and both Maroy and Minor alighted. Maroy saw Cross and waved to him from across the street. Maroy and Minor then crossed Madison Street to where Cross and Gjertsen were standing and Maroy asked Cross where he had been lately as he hadn't seen him on the streets. Cross replied that following the death of his wife he had moved to the South side of Chicago and, since he had no automobile, he was unable to come to the West side very often. Cross then said to Maroy, "Look, I have got a friend with me." Maroy and Cross then stepped away several paces and Cross said to Maroy, "Look, I have got a friend of mine with me. He wants to put me in business. He don't want to spend much money because he would like to see what I am going to do first. If I do all right the first time, he said he would do better, you know." Cross told

Maroy that he wanted to get "a half of piece of stuff", the word "piece" in the narcotics traffic meaning an ounce of heroin, and Maroy replied, "I don't do no business with no grays (meaning Caucasians) anyway. So if you want to talk about it, you have got to see my man." (The record does not so show but counsel for the defendant-appellant informed this court in oral argument that Cross was a Negro as were Maroy and Minor and that Gjertsen was a white man.)

Maroy and Cross then rejoined Gjertsen and Minor and Cross introduced Maroy to Gjertsen. Gjertsen told Maroy he wanted "to do some business", which, in the narcotics trade jargon, meant he wanted to buy some heroin, and Maroy replied he wouldn't deal with a gray and if Gjertsen wanted to do business to deal with his man and stated that "his man" was Edward Minor. Maroy then left and walked east on Madison Street. Cross told Minor he wanted to buy "half a piece" and Minor told Cross and Gjertsen to meet him at the bar at Leavitt and Madison Streets. Minor then walked east on Madison Street, the same direction Maroy had gone a few moments earlier. Approximately twenty minutes later, Minor appeared at the bar at Leavitt and Madison and transferred a package containing 200 grains of heroin to Cross and Gjertsen for the sum of $60.00. The package bore no federal tax stamps and the sale was not pursuant to a written order.

On May 22, 1956, Cross was again in the vicinity of Hoyne and Madison Streets in Chicago accompanied by William H. Turnbou, another agent of the Federal Narcotics Bureau. About 4:30 P.M. Maroy and Minor drove up in Maroy's Pontiac. Maroy and Minor got out of the car and Cross went over to Maroy and Minor and told Maroy that he had a friend who "wanted to do some business." A conversation quite similar to the one of May 10, 1956 then took place except Maroy was present throughout and Minor said "Okay. Meet me on Albany and Washington." Minor then got in Maroy's Pontiac and drove to

the vicinity of Albany and Washington where he entered an apartment. Maroy remained on the corner and Cross rejoined Turnbou. Cross and Turnbou drove to Albany and Washington, where they saw Maroy's Pontiac parked. They entered an alley and met Minor. Minor gave Turnbou a package containing 378 grains of heroin and Turnbou paid him $100.00. The package bore no federal tax stamps, nor was the sale pursuant to a written order. Minor then drove Maroy's Pontiac to where Maroy was standing on the corner of Hoyne and Madison. Minor got out of the car and walked over to Maroy. Their hands met and, after a short conversation, they got in Maroy's Pontiac and drove off, with Maroy at the wheel.

About 9:00 P.M. on July 5, 1956, Agent Turnbou had a telephone conversation with Minor. Turnbou told Minor he wanted "to pick up another piece." Minor said, "Okay". They made arrangements to meet at the corner of Hoyne and Madison Streets. Shortly thereafter Maroy and Minor walked out of a building at 111 North Wood Street and proceeded to a parking lot where Maroy's Pontiac was parked. They got into a green Chevrolet and drove directly to Hoyne and Madison with Maroy doing the driving. Turnbou was waiting on the corner and Maroy stopped the car east of Hoyne. Minor got out and joined Turnbou. Maroy drove past Minor and Turnbou and disappeared. Thereafter, Minor gave Turnbou a package containing 305 grains of heroin for the sum of $500.00. There were no federal tax stamps on the package and the sale was not pursuant to a written order.

■ The defendant-appellant contends that there is no evidence that he ever had possession of the heroin. However, the undisputed evidence is that his co-defendant below, Edward Minor, was in his employ, and he was in possession and made the illegal sales to both Gjertsen and Turnbou. The facts are that Cross introduced Maroy to both Gjertsen and Turnbou and when they told him they wanted to buy some heroin he turned them over to his employee, Edward Minor, by whom the illegal delivery was made. We can not say the jury was unwarranted in finding that the defendant-appellant, Jessie Maroy, aided and abetted Minor in the illegal transaction and they were acting in concert in the illegal undertaking. United States v. Chiarelli, 7 Cir., 1951, 192 F.2d 528, certiorari denied 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683, and that the possession of the heroin by Minor was possession by Maroy as well. United States v. Cohen, 2 Cir., 1941, 124 F.2d 164, 165, certiorari denied Bernstein v. United States, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210; United States v. Pisano, 7 Cir., 1951, 193 F.2d 355. Whether the evidence was sufficient to establish guilt beyond a reasonable doubt, or whether it was equally consistent with innocence or guilt, were matters for the determination of the jury. We hold that there was substantial evidence to support the verdict on all three counts of the indictment and we can not disturb the finding.

The defendant-appellant complains of the trial court giving Government's instructions 21, 23, 26 and 27. His objection to instruction 21 was that there was no evidence as to aiding or abetting as to him; to instruction 23 that it was a duplicate of 21; to instruction 26 that he was objecting, though no reason was stated therefor, and to instruction 27 because it was repetitious and that a portion of one sentence "The law presumes that the narcotics were imported illegally", was not an accurate statement of the law because the "law only presumes that when he has possession."

■ Instruction 21 simply quoted the aiding and abetting statute *ad verbatim*. There was evidence, as we have already pointed out, from which the jury could find that Maroy aided and abetted Minor. There is no merit in defendant's objection to this instruction.

Instruction 23 is a correct statement of the law as applied to Count one of the indictment and is not a duplication of 21 but simply explained to the jury how the statute applied to Count 1 and 26

did the same as to Count 2, and 27 instructed the jury as to the presumption of possession under Title 21 U.S.C.A. § 174, but 23, 24 and 27 clearly informed the jury that before they could find the defendant Jessie Maroy guilty under either Count one or Count two they had to first find beyond a reasonable doubt that he aided and abetted Edward Minor in the possession of the narcotics.

The instructions, of which complaint is made, correctly state the law and are not prejudicially repetitious and most certainly did not instruct the jury to find Maroy guilty of aiding and abetting as contended by the defendant-appellant.

From a careful consideration of the entire record we believe the defendant-appellant was given a fair trial and the jury was properly instructed, without the instructions being prejudicial to him in any manner, and the verdict was supported by substantial evidence.

The judgment is

Affirmed.