UNITED STATES of America,
Appellee,

v.

Cornelius COX, Appellant.

No. 226, Docket 25933.

United States Court of Appeals
Second Circuit.

Argued Jan. 4, 1960.

Decided April 14, 1960.

John R. Sanders, New York City, for appellant.

Kevin Thomas Duffy, Asst. U. S. Atty., Southern District of New York (S. Hazard Gillespie, Jr., U. S. Atty., George I. Gordon, Asst. U. S. Atty., Southern District of New York, on the brief), for Appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge.

Appellant was indicted on a single count charging him with selling approx-

imately 552 grains of heroin on January 16, 1957, in violation of 21 U.S.C.A. § 173 and § 174. On appeal from a judgment of conviction, appellant asserts: (1) that the government, as a matter of law, failed to prove guilt beyond a reasonable doubt; (2) that the conduct of the trial judge was prejudicial; and (3) that the charge was erroneous.

*The Proof*

Three narcotics agents testified for the government. Through an intermediary specially retained by the Bureau of Narcotics the agent, who was the principal witness, was introduced to appellant for the purpose of purchasing heroin. The meeting took place at a cafe in upper Manhattan where the matters of price and amount were settled between appellant and the agent. After some further negotiation appellant directed the agent and the special employee to repair to a near-by bar, where he promised to join them later in the evening. Thereafter appellant met the two at the bar, brought them outside, and indicated that the heroin was located in the hallway of a building across the street. He then demanded and received from the agent his payment and told the special employee to fetch the package of narcotics. The special employee did as instructed and, while appellant and the agent waited, entered the building across the street. He immediately returned with two packages in each of which was a glassine envelope containing a white powder and rejoined the others. Upon subsequent examination the contents of the envelopes proved to be heroin.

Counsel for appellant argues that the government has failed to prove that appellant imported the heroin or knew that it had been unlawfully imported. Since the government did not prove possession, so argues appellant, the presumption that "possession shall be deemed sufficient evidence to authorize conviction" (21 U.S.C.A. § 174), does not supplant the statutory requirement of knowledge of unlawful importation. ▮ "Possession," as used in 21 U.S.C.A. § 174 as elsewhere, is not limited to cases of physical contact. United States v. Moia, 2 Cir., 1958, 251 F.2d 255; United States v. Cohen, 2 Cir., 1941, 124 F.2d 164, certiorari denied 1942, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210. Appellant's counsel in summation did not so contend; he stated that to convict it must be established that appellant "did in fact control or possess the narcotics." Although no one saw appellant in physical contact with the narcotics, there was testimony from which the jury might have inferred that he had in fact had such contact. There was also abundant evidence that he had the power to determine custody, which is all the statute requires.

▮ Thus appellant led the agent and the special employee to the place at which he knew the heroin was concealed. He gave specific directions as to where in the building it was located and remained to see delivery made after it had been brought from the building. Upon these facts there was no basis upon which the trial judge could have held the proof insufficient as a matter of law.

*The Conduct of the Trial Judge*

▮ The claim that the trial judge assumed the prosecutor's role is wholly unfounded and quite uncalled for. A reading of the record discloses that in each of the instances cited by appellant the comparatively few questions asked by the trial judge were to clarify the facts, thus aiding both parties and the jurors.

*The Charge*

▮ Appellant claims that he was prejudiced by the court's statement "If you don't believe Agent Lewis you must acquit" arguing that this was tantamount to saying "Just believe Lewis and convict defendant Cox." Although there was corroborative testimony from other agents who had observed some of appellant's activities on the night in question, the crucial evidence was that of the agent (Lewis) who made the purchase. Thus, the court quite properly emphasized that if his testimony were disbelieved the jury must acquit. Such em-

phasis was not prejudicial to defendant; rather it was quite to the contrary. Fair interpretation does not warrant the construction which defendant advances. Despite the other testimony which the jury might have found sufficient appellant's acquittal was virtually directed if the witness Lewis were disbelieved. No prejudice to appellant resulted from this statement.

Judgment affirmed.