UNITED STATES of America, Appellee,

v.

Victor PANICA, Defendant-Appellant.

No. 256, Docket 26689.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1961.

Decided Feb. 2, 1961.

Osmond K. Fraenkel, New York City, for appellant.

Daniel P. Hollman, Asst. U. S. Atty., S. D. N. Y., New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Robert B. Fiske, Jr., Asst. U. S. Atty., New York Ciy, on the brief), for appellee.

Before CLARK, MAGRUDER, and MOORE, Circuit Judges.

PER CURIAM.

■ Defendant Victor Panica appeals from his conviction of participating in the sale of heroin in violation of 21 U.S.C. §§ 173, 174, and of conspiring to violate those sections, following a jury trial before Judge Weinfeld. We find that sufficient evidence exists to support the conviction, and that the presumption of knowledge of illegal importation which 21 U.S.C. § 174 attaches to unexplained possession of the drug was properly applied to defendant.

There was testimony that Agent Brown of the Federal Bureau of Narcotics met defendant's coconspirators Bonina and Altimari on February 4, 1959, and made arrangements for the purchase of heroin, to be delivered at Throggs Neck Recreation Center at 10 p. m. that day. When Brown drove up to the Center in his car, he saw Altimari and Bonina together with defendant standing in front of the Center. Altimari and Bonina came over to Brown's car, leaving defendant in front of the Center. Altimari then rejoined defendant momentarily, and immediately returned to the car with a bag containing heroin, which he delivered to Brown. Brown made final payment for the heroin to Altimari on February 19, 1959, and discussed future purchases in the presence of Bonina and defendant. At a subsequent meeting on February 24, 1959, defendant made statements to Brown indicating that he was a participant in the sale of February 4, 1959. When Brown sought to purchase a quarter kilo, the same quantity delivered on February 4, 1959, defendant replied: "I don't think we can handle that little business this time. You have got to get a half kilo or better." At the same time defendant failed to disclaim responsibility for the allegedly inferior quality of "the stuff that I [Brown] got from you [defendant] the last time."

■ The above evidence is sufficient to support the conviction for participating in a sale and for conspiring to violate 21 U.S.C. §§ 173, 174, provided that defendant had sufficient dominion and control over the heroin to make applicable the presumption of knowledge of illegal importation which 21 U.S.C. § 174 attaches to possession, actual or constructive. The evidence recited above shows that defendant was an important and integral part of the narcotic operation, and not a mere casual aider and abettor. In these circumstances a jury was entitled to find that he had sufficient dominion and control over the narcotics handled by the conspiracy, including those sold on February 4, 1959, to have constructive possession. The charge to the jury, while somewhat ambiguous, sufficiently stated that he must be found to have "dominion and control" before he could be charged with possession within the purview of the statute. Accordingly we conclude that the jury properly found defendant to have had the requisite possession; and the conviction is affirmed, without consideration of the issues which divided this court sitting *in banc* in United States v. Santore, 2 Cir., 290 F.2d 51.

Affirmed.