**UNITED STATES of America,** Appellee,

v.

**Joseph BUONANNO, Appellant.**

No. 244, Docket 26683.

United States Court of Appeals Second Circuit.

Argued Feb. 21, 1961.

Decided May 11, 1961.

Hincks, Circuit Judge, dissented in part.

Henry K. Chapman, New York City, for appellant.

Robert S. Kreindler, Asst. U. S. Atty., New York City (Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., on the brief), for appellee.

Before HINCKS and MOORE, Circuit Judges, and BRENNAN, District Judge.[*]

LEONARD P. MOORE, Circuit Judge.

Appellant, Joseph Buonanno, was indicted with co-defendants, Kenny and Pisciotta,[1] for the sale of narcotics and for conspiracy to sell. In addition to the substantive counts relating to sale, Buonanno was charged with aiding and abetting (18 U.S.C.A. § 2). He appeals from a judgment of conviction by a jury. No errors in the admission or exclusion of evidence or in the court's charge are asserted. Appellant seeks reversal and a direction for the entry of a judgment of acquittal solely upon the ground that the government failed to prove a *prima facie* case against him.

Buonanno's participation in the transaction was very limited insofar as it was revealed by his acts and words. On the night of September 11, 1959, after spending some time at a bar in a hotel in Queens County, of which Pisciotta was the manager, a narcotics agent discussed with Pisciotta a possible narcotics purchase by the agent. Pisciotta said that he would have to telephone to make arrangements. However, instead of telephoning, he went to the bar where he spoke to Kenny, Buonanno and various other people. Upon his return he told the agent that arrangements had been made. Pisciotta stated the price to be $13,000 a kilogram. The agent said he wanted a half kilo for which Pisciotta fixed a price of $6,500. The agent had only $6,000. Pisciotta thereupon said that he would have to telephone his people again. The agent observed that Pisciotta proceeded to the bar and engaged Kenny and Buonanno in conversation. Shortly thereafter Pisciotta, Buonanno and Kenny approached the table at which the agent was sitting. When only five feet away the agent heard Buonanno say, "Make him put the 65 out front." Pisciotta thereupon returned to the agent's table and said, "You will have to pay $6,500 and you will have to put the money out front." So saying, Pisciotta returned to Buonanno and Kenny. Apparently, in the jargon of narcotics dealers, "out front" means to pay in advance. The agent, unwilling to do this, joined the others and told them that he couldn't pay the $6,500 and wouldn't put the money "out front." Subsequently, Pisciotta advised the agent that he could have the half kilo for $6,250 whereupon the agent gave him $6,000, the $250 balance to be paid later. Delivery to the agent was made by placing the heroin in the agent's raincoat which had been transported by some mysterious means from the bar to a restaurant which Pisciotta and the agent visited in the early morning hours of September 12, 1959.

[*] Sitting by designation, U. S. District Judge, Northern District of New York.

1. Pisciotta was not tried with Kenny and Buonanno.

There is no proof that Buonanno participated in the delivery.

Buonanno testified in his own defense. The jury had an opportunity to pass upon his credibility. Was he a part of a conspiracy to sell narcotics, did he aid and abet the sale or was he merely an innocent bystander who volunteered the remark, "Make him put the 65 out front."? Apparently, he failed to convince the jury that he belonged in the latter category.

The only appellate question is: was there sufficient evidence to submit the case to the jury? Certainly Buonanno's single remark is indicative of a high degree of control over the sale. This control in turn is sufficient to satisfy the presumption of Section 174 (United States v. Cox, 2 Cir., 1960, 277 F.2d 302; Cellino v. United States, 9 Cir., 1960, 276 F.2d 941; United States v. Maroy, 7 Cir., 1957, 248 F.2d 663, certiorari denied 1958, 355 U.S. 931, 78 S.Ct. 412, 2 L.Ed. 2d 414). Considering Buonanno's virtual command regarding the principal element in the sale, namely, the price and the method of payment, together with the other evidence relating to the participation of Buonanno, Kenny and Pisciotta in the negotiations, there was adequate evidence to be submitted to the jury.

Affirmed.

HINCKS, Circuit Judge (concurring in part and dissenting in part).

I concur in affirming the conviction for violation of 26 U.S.C.A. § 4704(a) and the conviction for violation of 26 U.S.C.A. § 4705(a).

I dissent, however, from so much of the Court's decision as affirms the convictions under 21 U.S.C.A. § 174. In my opinion there was no substantial evidence that this appellant had either knowledge of the importation or had physical possession, or control amounting to constructive possession, over the narcotics such as to bring into play the presumption created by § 174. The evidence on that issue fell considerably short of the standard required by our decisions in

United States v. Panica, 2 Cir., 290 F.2d 97; United States v. Hernandez, 2 Cir., 290 F.2d 86; and United States v. Cox, 277 F.2d 302. The evidence on which my brothers rely seems to me to suggest no more than that the appellant facilitated the sale.

It follows that the convictions under § 174 can be sustained only on the theory that its presumption can be invoked against the appellant as an aider and abettor under 18 U.S.C.A. § 2 even though he personally was without knowledge of the importation and without possession or control of the narcotics. With the Court evenly divided on this question, United States v. Santore, 2 Cir., 290 F.2d 51, I take it that it is my duty to make my own appraisal of the weight of the opposing arguments. On that basis I feel constrained to vote to reverse the § 174 convictions.