**UNITED STATES of America,**
**Appellee,**

v.

**Edward L. CARTER, Defendant-**
**Appellant.**

**No. 400, Docket 27683.**

United States Court of Appeals
Second Circuit.

Argued June 18, 1963.

Decided July 23, 1963.

Albert X. Bader, Jr., New York City
(Anthony F. Marra, New York City, on
the brief), for defendant-appellant.

John S. Martin, Jr., Asst. U. S. Atty.
for the Southern District of New York
(Robert M. Morgenthau, U. S. Atty.,
and Arthur I. Rosett, Asst. U. S. Atty.,
So. Dist. of New York, on the brief),
for appellee.

Before LUMBARD, Chief Judge,
SMITH, Circuit Judge, and BRYAN,
District Judge.

J. JOSEPH SMITH, Circuit Judge.

Defendant appeals his conviction for
participation in the sale of about one
ounce of illegally imported heroin, in vio-
lation of 21 U.S.C. §§ 173, 174, after trial
without jury in the District Court for
the Southern District of New York, Wil-

**2**

fred Feinberg, Judge. We find no error and affirm the judgment.

The Government's evidence tended to establish the facts of this transaction as follows: Narcotics Agent John Coursey was introduced to the defendant by a special employee of the Federal Bureau of Narcotics, John Monticallos, and told defendant that he was interested in purchasing an ounce of heroin. Defendant questioned Coursey but refused to make a sale at that time, saying that he would have to check further and that Coursey should call him back the next day. The agent did so, and again met with defendant and Monticallos at a convenient bar that evening. After further questioning, defendant agreed to sell Coursey one ounce of heroin for $400. The three left the bar, the agent gave the defendant the money, and he departed. He *returned shortly*, told Coursey that the delivery would be made soon, and left again. At about the same time, another agent observed the defendant leave 342 East 100th Street and enter a bar next door to the one in which the purchasers were waiting. Monticallos then received a phone call from the defendant, who told him that the heroin was on a window sill at 342 East 100th Street. Agent Coursey and Monticallos went to that address and found the narcotics as directed. As they left, they again met defendant in front of the bar in which they had been waiting. The agent complained that the quantity of heroin delivered appeared deficient, but defendant assured him that it was of correct weight and quality. Defendant was arrested some months later, after surveillance.

■■ The trial court found that defendant had "actual or constructive possession of the heroin", based on this evidence, and we agree with this conclusion. Defendant's movements, and his statement to the agent after the sale are strongly indicative that he had actual possession. The Government need not prove possession by direct evidence, but may do so circumstantially. United States v. Monica, 295 F.2d 400 (2 Cir., 1961), cert. denied 368 U.S. 953, 82 S.Ct. 395, 7 L.Ed.2d 386 (1962); United States v. Cox, 277 F.2d 302 (2 Cir., 1960). Moreover, the evidence of constructive possession is more than adequate. Defendant set the price after negotiating the sale, received payment, effected delivery at a place which he had designated, and defended the quality of the merchandise after the transaction was completed. In addition, he was observed leaving the address where the narcotics were to be picked up. This is far more than the evidence which we held insufficient in United States v. Jones, 308 F.2d 26 (2 Cir., 1962), and well within the definition of constructive possession as set down in United States v. Hernandez, 290 F.2d 86, 90 (2 Cir., 1961):

> "[A] person who is sufficiently associated with the persons having physical custody so that he is able, without difficulty, to cause the drug to be produced for a customer can also be found by a jury to have dominion and control over the drug, and therefore possession."

See United States v. Cox, supra. On the findings of either actual or constructive possession, the conviction must be affirmed.

■ Defendant claims that the conviction should be reversed on the basis that he was entrapped into committing the offense. But this defense is predicated on a set of facts much different from those to which Agent Coursey testified. In essence, defendant stated at trial that he was badgered by Monticallos into finding him a source of heroin for his "sick old lady," and that he had no intent to commit any crime before being approached. Monticallos was called by the defense and gave confused and inconsistent testimony, though never at any point wholly corroborating defendant's version. It is enough to say that Agent Coursey's testimony reveals no entrapment—defendant's only hesitation in making the sale was due to a desire to check the credentials of a strange purchaser—and the experienced trier of the facts, who saw each witness, was certainly entitled to credit this witness over the

others. In addition, defendant's story is inherently incredible, as the sizeable purchase made here could hardly have been intended for a single addict. The agent testified that defendant told him that perhaps eighteen doses of the drug could be obtained from that amount. Monticallos' earlier lack of success in attempts to purchase drugs from the defendant, made before he became a special employee, does not rebut the evidence of a willing sale here, and is perfectly explicable as based on defendant's not having any narcotics available at those times. There was here no more than affording an opportunity to one already disposed and willing to commit the crime. This is not entrapment. Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 441, 451, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

The Court expresses its thanks to Mr. Bader for his diligent services as appointed counsel on this appeal.

Judgment affirmed.