## CANGELOSI v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
June 10, 1927.

No. 4850.

Criminal law ⟳778(8), 1172(2)—Charge placing burden of proof as to alibi on both parties held confusing, erroneous, and prejudicial.

Charge, not only that every element of offense, including defendant's presence at time and place involved, must be proved beyond reasonable doubt, but that defense of alibi must be established by clear and satisfactory evidence, *held* confusing, erroneous, and prejudicial.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Louis Cangelosi was convicted of a violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.), and he brings error. Reversed.

L. A. Tucker, of Cleveland, Ohio, for plaintiff in error.

John B. Osmun, of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and SIMONS, District Judge.

PER CURIAM. Cangelosi's meritorious defense was a complete denial of the alleged sale and transportation of intoxicating liquor; and the denial was supported by his own testimony and that of other witnesses that at the critical time he was not at the place charged, but was elsewhere. The court charged the jury that every element of the offense, including respondent's presence at the time and place involved, must be proved beyond a reasonable doubt, but also charged that the defense of an alibi must be established by clear and satisfactory evidence. While a jury may be properly cautioned as to inconsistencies, deficiencies, or weaknesses which may appear in testimony on this subject, and to which they should give due attention, yet the two charges as given here are so inconsistent that they cannot both be right. Quite plainly no burden rests upon the defendant upon this subject, and such a charge as this is confusing, erroneous, and seemingly prejudicial. Glover v. U. S. (C. C. A. 8) 147 F. 426, 8 Ann. Cas. 1184.

At the conclusion of the charge there was a colloquy between court and counsel on this subject, and exception was duly saved. It is sufficient to say that we are not convinced that the prejudice was removed and the matter made clear by the supplemental remarks of the judge.

In view of the necessary new trial, we should add that the evidence did not support the conviction upon the nuisance count, and that we find no other error.

The judgment is reversed.