**Ronald Maurice STUMP, Appellant,**

v.

**John BENNETT, Warden, Iowa State Penitentiary, Fort Madison, Iowa, Appellee.**

**No. 18920.**

United States Court of Appeals Eighth Circuit.

June 27, 1968.

Certiorari Denied Dec. 16, 1968.

See 89 S.Ct. 483.

James R. McManus, Des Moines, Iowa, for appellant.

Kent M. Forney, Special Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, Chief Judge, VOGEL, Senior Circuit Judge,* and MATTHES, BLACKMUN, MEHAFFY, GIBSON, LAY, and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Ronald Maurice Stump, a state prisoner, appeals from the denial of his petition for a writ of habeas corpus in federal district court. Stump was convicted of murder in the second degree in the Polk County, Iowa, District Court in the slaying of one Michael Daly. On December 11, 1961, he was sentenced to a term of seventy-five years' imprisonment. Stump asserted as a sole defense at his trial that it was impossible for him to have been present at the place of the crime since he was driving on the highway between Des Moines and Knoxville when the shooting took place. He offered witnesses in an attempt to verify this fact. The state trial court placed upon the defendant the burden of proving his alibi by a preponderance of the evidence. The conviction was affirmed by the Iowa Supreme Court in State v. Stump, 254 Iowa 1181, 119 N.W.2d 210 (1963) (the vote of the Iowa court was 5 to 3, with one judge not participating), cert. denied 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80 (1963).

After exhausting his state remedies,[1] Stump petitioned for a writ of habeas corpus in the United States District Court for the Southern District of Iowa, alleging among other grounds that the state trial court's instructions placed upon the defendant the burden of proving his sole defense of alibi by the preponderance of the evidence, and that Iowa Code Ann. § 777.18 requires a defendant raising an alibi defense to give to the state timely notice of such defense, as well as the names and addresses of any corroborating witnesses, without a reciprocal exchange of the state's witnesses relating to the same issue. Petitioner claims, as he did below, that both grounds constitute a denial of due process of law under the Fourteenth Amendment. We need not discuss the other grounds raised on this appeal. We hold that the Iowa rule shifting the burden of proof to the defendant reached the level of constitutional error and was prohibited by the Fourteenth Amendment. We reverse and remand with directions.

The due process clause permits a state a wide berth in developing rules of procedure and evidence. Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). A consti-

---

* Judge Vogel sat on the original three-judge panel which heard this case. After oral argument the submission was vacated and set for hearing before the court en banc.

1. Stump originally filed his petition for federal habeas corpus on July 28, 1965. After a hearing, the court directed him to seek further post-conviction relief in the state courts regarding his claim under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), reserving jurisdiction, however, to pass on the petition after state remedies were exhausted. Stump then returned to the state court and petitioned for habeas corpus. This was denied because by then the United States Supreme Court had stated in Johnson v. State of New Jersey, 384 U.S. 719, 733–735, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), that the principles of Escobedo were not to be applied retrospectively. The federal court then was asked to find petitioner's state remedies exhausted and rule on the petition pending before it. On April 26, 1967, the writ was denied.

tutional violation cannot rest upon our independent judgment or personal appraisal of what seems the fairer or the better procedure. See Leland v. State of Oregon, 343 U.S. 790, 799, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). The fundamental bases of "due process" relate to adequate notice and reasonable opportunity to be heard. Hovey v. Elliott, 167 U.S. 409, 413–418, 17 S.Ct. 841, 42 L.Ed. 215 (1897). Beyond these minimal standards only oppressive and arbitrary state procedural rules command federal review. Federal intervention is justified only when the state law "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1934), or frustrates a right "implicit in the concept of ordered liberty," Palko v. State of Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288 (1937).

We thus reflect cautiously upon the rule before us. Iowa is one of only two states [2] which now require a defendant to assume the burden of persuasion by a preponderance of evidence in establishing an alibi. Six other states have permitted instructions which require a defendant to present sufficient evidence of alibi to establish in the minds of the jurors a reasonable doubt of his guilt, but these states do not at any time shift the burden of persuasion as is done under the Iowa rule.[3] Analytically, these states simply shift to the defendant the burden of going forward with the evidence as to the alibi itself. All of the seven United States Courts of Appeals that have considered the issue, including this Circuit, agree that in a federal prosecution the burden of persuasion of an alibi defense may not be shifted to the defendant. United States v. Vigorito, 67 F.2d 329, 330 (2 Cir. 1933) (dictum); United States v. Marcus, 166 F.2d 497, 503–504 (3 Cir. 1948); Falgout v. United States, 279 F. 513, 515, 29 A.L.R. 1115 (5 Cir. 1922); Cangelosi v. United States, 19 F.2d 923 (6 Cir. 1927); Glover v. United States, 147 F. 426, 430–433 (8 Cir. 1906); Thomas v. United States, 213 F.2d 30, 32–34 (9 Cir. 1954); Reavis v. United States, 93 F.2d 307, 308 (10 Cir. 1937). And even the Iowa Supreme Court subsequent to the *Stump* case [4] expressed doubt about future applications

---

2. Georgia's rule is similar though not identical to Iowa's. In Porter v. State, 200 Ga. 246, 36 S.E.2d 794 (1946), the current test was set out: "The burden is on the accused to sustain his defense of alibi to the reasonable satisfaction of the jury in order to overcome proof of his guilt of the crime with which he is charged." However, in a 1964 Georgia Court of Appeals case, Hale v. State, 110 Ga.App. 236, 138 S.E.2d 113 (1964), a trial court's instruction that defendant must prove his alibi *"by a preponderance of the evidence* and to the reasonable satisfaction of the jury * * *."* (emphasis ours) was held nonprejudicial if erroneous. The court said that "preponderance of the evidence" did not prejudicially increase the permissible quantum set out in *Porter,* supra.

3. The states are Idaho, State v. Vanek, 59 Idaho 514, 84 P.2d 567 (1938); West Virginia, State v. Withrow, 142 W.Va. 522, 96 S.E.2d 913 (1957); Arkansas, Sangston v. State, 172 Ark. 1177, 289 S.W.2d 478 (1927) and Morris v. State, 145 Ark. 241, 224 S.W. 724 (1920);

Montana, State v. Wilson, 76 Mont. 384, 247 P. 158 (1926); California, In re Corey, 230 Cal.App.2d 813, 41 Cal.Rptr. 379, 388 (1964); and Texas, Anderson v. State, 147 Tex.Cr.R. 410, 181 S.W.2d 78 (1944) (dictum).

4. The Iowa Supreme Court itself has a history of division on this issue. See e.g., Chief Justice Adams' dissent in State v. Hamilton, 57 Iowa 596, 11 N.W. 5, 6–7 (1881); State v. Rivers, 68 Iowa 611, 27 N.W. 781, 784 (1886). In a vigorous dissenting opinion in State v. Stump, supra 119 N.W.2d at 225, Mr. Justice Thornton points out the illogicality of the alibi rule:

"Where, as here, it is necessary for the state to prove the defendant present to commit the crime, the evidence for the state is, the defendant was present at the time and place in question. Defendant's evidence of alibi is simply that he was not at the place in question but at another place, naming it, too remote for him to have been at the site of the crime. Defendant's evidence is purely defensive. The fact to

of the rule. State v. Post, 255 Iowa 573, 123 N.W.2d 11, 18 (1963). But neither polling other states' positions nor comparing Iowa law with federal procedure is a conclusive ground for a finding on constitutional infirmity. Such weight of authority guides us at most to a "consideration" of whether the rule "offends" principles so fundamental as to be within constitutional protection. Leland v. State of Oregon, 343 U.S. at 798, 72 S.Ct. 1002; cf. Gideon v. Wainwright, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). We analyze the problem in three parts:

I. Is the instruction patently erroneous?

II. Does it violate due process?

III. And if so, considering the instructions as a whole, is it "harmless" constitutional error beyond "a reasonable doubt"? Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

be proved by the state is, defendant was there, any evidence that shows he was not there negates that evidence. * * * When the opinion (and the instruction in the case at bar) states the non presence of the defendant will not be presumed the presumption of innocence has been denied him, and the state has been relieved of proving its case beyond a reasonable doubt."

5. The full instruction reads:
"It is the claim of the defendant that at the time of the shooting of Michael Daly referred to herein he was on the highway between Des Moines and Knoxville, Iowa, and consequently that he could not have committed the offense charged herein or either of the included offenses. He seeks to establish this claim by a witness or witnesses who have testified herein and also by his own testimony. This defense is commonly known as an alibi.
"The defendant has the burden of establishing this defense by the greater weight of the evidence bearing upon it, and before you can acquit the defendant by reason of this defense you must find that he has established it by a preponderance or greater weight of the evidence bearing upon it. If he has established by the greater weight of the evidence that he was on the highway between Des Moines and Knoxville,

## I.

The Iowa trial court instructed the jury, in part, as follows:
*" * * * before you can acquit the defendant by reason of this defense [alibi] you must find that he has established it by a preponderance or greater weight of the evidence bearing upon it."* [5] (Emphasis ours.)

There exist many bases for considering the instruction erroneous.

■ (a) The original premise behind placing the burden of proof upon the defendant is that "alibi" is an affirmative defense. See State v. Vincent, 24 Iowa 570 (1868); State v. Stump, supra, 119 N.W.2d at 218. This view has now been rejected by almost every state as well as by all federal courts which have had the proposition before them. See, e. g., Halko v. State, 4 Storey 180, 54 Del. 180, 175 A.2d 42, 48–49 (1961); Commonwealth v. Bonomo, 396 Pa. 222,

Iowa, at such a distance from Des Moines that he could not have committed the crime charged herein, you should return a verdict of not guilty.
"If the defendant has failed to establish this defense by a greater weight of the evidence you should still consider the evidence which has been introduced in support thereof, and if, after considering the case as made as a whole, including this evidence, you entertain a reasonable doubt as to his having committed the offense charged or either of the included offenses herein, you should return a verdict finding the defendant not guilty.
"You will understand that the burden of proof referred to in this paragraph rests upon the defendant only as to the proof that he was on the highway between Des Moines and Knoxville, Iowa, at the time the shooting occurred and at such a distance from Des Moines that he could not have been the person who did the shooting. By reason of this burden resting upon him, he is not bound or required to prove his innocence as to the whole case, for the burden of proof rests upon the State as to the case as a whole to prove the defendant guilty beyond a reasonable doubt before a verdict of guilty on any of the charges included herein can be returned against him."

151 A.2d 441, 444–446 (Pa.Sup.Ct.1959); State v. Garvin, 44 N.J. 268, 208 A.2d 402 (1965); State v. Hubbard, 351 Mo. 143, 171 S.W.2d 701, 706–709 (1943). In asserting alibi the defendant simply denies the possibility of his having committed the crime by reason of being elsewhere when it was committed, whereas an affirmative defense generally applies to justification for his admitted participation in the act itself. See 9 Wigmore, Evidence § 2512 (3d ed. 1940); McCormick, Evidence § 321 at 683 (1954); 2 Underhill, Criminal Evidence § 441 (5th ed. 1956); Note, 49 Iowa L. Rev. 590 (1964).

■■■ (b) The instruction itself is inconsistent and confusing, as is pointed out by the federal district court below. The jury is told that before it can acquit the defendant by reason of this defense the defendant must establish it by the preponderance of evidence. Yet the jury is also told that if *any* evidence creates a reasonable doubt as to the crime as a whole, then it can return a verdict of not guilty. This court, of course, has consistently adhered to the general rule that instructions are to be viewed in their entirety. See, for example, Smith v. Wire Rope Corp. of America, 383 F.2d 186, 188 (8 Cir. 1967), and Jiffy Markets, Inc. v. Vogel, 340 F.2d 495, 500 (8 Cir. 1965). But even when so viewed, the presence of serious confusion here as to burden of proof seems inescapable. If we presume, as we must, that the jury follows the court's instructions, which instruction is the jury to follow?

■■■ (c) Upon a plea of alibi, the presumption of innocence is permanently shattered as to the evidence relating to (1) the presence of the defendant, (2) the time, and (3) the place of the crime itself. In Glover v. United States, 147 F. at 431, this court pointed out that proof of alibi is a denial of the essential elements of the crime. This court said:

"Included in the indictment is the charge that the defendant did then and there commit the assault. Whereby the prosecution undertook to show by evidence that the defendant was present at the time and place. On this issue thus tendered the burden rested upon the prosecution. It never shifted. So when the defendant introduced evidence to show that he was not 'then and there' present, he was but rebutting the proof offered by the prosecution tending to maintain the allegation that he was then and there. The protection of any reasonable doubt in favor of the defendant applies in such instance as to any other affirmative issue tendered in the charge."

■■■ (d) By shifting the burden of proof to a person who claims to have been elsewhere at the time of the crime, there is created an irrational and arbitrary presumption of guilt. It arises not by reason of a proof of fact from which a fair inference might be drawn but from the mere happening that the defendant offers testimony in an attempt to establish innocence. When this occurs, unless the defendant can succeed in overbalancing the state's evidence, the jury is expressly told he cannot be acquitted by reason of his sole claim to innocence. There is thus a prejudgment of "a conclusion which the jury should reach of its own volition. * * * [T]his presumption would conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime. * * * [I]ncriminating presumptions are not to be improvised by the judiciary." See Morissette v. United States, 342 U.S. 246, 275, 72 S.Ct. 240, 256, 96 L.Ed. 288 (1952).

## II.

■■■ However, as previously observed, mere error or confusion is not before us, unless we are convinced that it is so oppressive as to offend the due process clause. We resolve that question in the affirmative.

There are persuasive grounds to say that the denial of the presumption of innocence of an accused is a constitutional violation under the due process clause

In Cummings v. State of Missouri, 4 Wall. 277, 328, 18 L.Ed. 356 (1866), the Supreme Court said:

"The clauses in question subvert the presumptions of innocence, and alter the rules of evidence, which heretofore, under the universally recognized principles of the common law, have been supposed to be fundamental and unchangeable. They assume that the parties are guilty; they call upon the parties to establish their innocence; and they declare that such innocence can be shown only in one way—by an inquisition, in the form of an expurgatory oath, into the consciences of the parties."

The early history of the presumption of innocence is detailed in Coffin v. United States, 156 U.S. 432, 453, 15 S.Ct. 394, 39 L.Ed. 481 (1895), where the Court said:

"The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law."

In Morrison v. People of State of California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934), the Court held:

"In such circumstances the conviction of Morrison because he failed to assume the burden of disproving a conspiracy *was a denial of due process that vitiates the judgment as to him.*" Id. at 93, 54 S.Ct. at 286. (Emphasis ours.)

In Speiser v. Randall, 357 U.S. 513, 525–526, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958), the Court said:

"There is always in litigation a margin of error, representing error in factfinding, which both parties must take into account. Where one party has at stake an interest of transcending value—as a criminal defendant his liberty—this margin of error is reduced as to him by the process of placing on the other party the burden of producing a sufficiency of proof in the first instance, and of persuading

the factfinder at the conclusion of the trial of his guilt beyond a reasonable doubt. *Due process* commands that no man shall lose his liberty unless the Government has borne the burden of producing the evidence and convincing the factfinder of his guilt." (Emphasis ours.)

And Mr. Justice Douglas, in concurring, 357 U.S. at 535, 78 S.Ct. at 1345, pointed out:

"If one conspires to overthrow the Government, he commits a crime. To make him swear he is innocent to avoid the consequences of a law is to put on him the burden of proving his innocence. That method does not square with *our standards of procedural due process*, as the opinion of the Court points out." (Emphasis ours.)

In Deutch v. United States, 367 U.S. 456, 471, 81 S.Ct. 1587, 6 L.Ed.2d 963 (1961), the Court said:

" 'In fulfillment of their obligation under this statute, the courts must accord to the defendants every right which is *guaranteed to defendants in all other criminal cases.*' [Watkins v. United States, 354 U.S. 178, 208, 77 S.Ct. 1173, 1 L.Ed.2d 1273 (1957).] 'One of the rightful boasts of Western civilization is that the [prosecution] has the burden of establishing guilt solely on the basis of evidence produced in court and under circumstances assuring an accused all the safeguards of a fair procedure.' Irvin v. Dowd, 366 U.S. 717, 729, [81 S.Ct. 1639, 1646, 6 L.Ed.2d 751] (concurring opinion). Among these is the presumption of the defendant's innocence. Sinclair v. United States, 279 U.S. [263], at 296–297, [49 S.Ct. 268, 73 L.Ed. 692]; Flaxer v. United States, 358 U.S. [147] at 151, [79 S.Ct. 191, 3 L.Ed.2d 183]." (Emphasis ours.)

In Glover v. United States, 147 F. 426, 431, this court said:

"The underlying vice in the foregoing charge of the court is in the assumption that in respect of the alibi the burden of proof 'by a preponder-

ance of evidence, that is, by the greater and superior evidence,' shifted to the defendant. *It loses sight of the fundamental rule in criminal procedure that the defendant is presumed to be innocent* of the offense with which he is charged; that this is a continuing presumption which attends him like a guarding spirit throughout the ordeal of his trial, and imposes upon the prosecution the burden of overcoming such presumption by such weight of evidence as will satisfy the minds of the triers beyond a reasonable doubt of the defendant's guilt." (Emphasis ours.)

See also Davis v. United States, 160 U.S. 469, 485–489, 16 S.Ct. 353, 40 L.Ed. 499 (1895).

■ The presumption of innocence in itself is no longer considered to function as evidence. See Holt v. United States, 218 U.S. 245, 253, 31 S.Ct. 2, 54 L.Ed. 1021 (1910); Agnew v. United States, 165 U.S. 36, 51–52, 17 S.Ct. 235, 41 L.Ed. 624 (1897); 9 Wigmore, Evidence § 2511 at 409–12. Nor is it the precise equivalent of the burden of proof. It simply serves to regulate the complete burden of proof in a criminal trial, not only in going forward with the evidence, but more importantly in placing the burden of persuasion itself on the government.

■ In Leland v. State of Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), the Supreme Court upheld the shifting of the burden of persuasion of a plea of insanity under Oregon law. And the majority opinion points out that although the federal courts do not condone shifting the burden of persuasion with regard to insanity, nevertheless such a procedural rule does not involve any constitutional right; thus Davis v. United States, 160 U.S. 469, 16 S.Ct. 353 (1895) was held not to be controlling. Whether or not one interprets the treatment of *Davis* in *Leland* as denying a constitutional status to the "presumption of innocence," this much is clear: when the burden of per-

suasion is shifted to the defendant to disprove essential elements of a crime, as it was in the instant case, then it is certain that the due process clause of the Fourteenth Amendment has been violated. McFarland v. American Sugar Refining Co., 241 U.S. 79, 86, 36 S.Ct. 498, 60 L.Ed. 899 (1916); Manley v. State of Georgia, 279 U.S. 1, 6, 49 S.Ct. 215, 73 L.Ed. 575 (1929); Morrison v. People of State of California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934); Morissette v. United States, 342 U.S. 246, 274–275, 72 S.Ct. 240, 96 L.Ed. 288 (1952); Speiser v. Randall, 257 U.S. 513, 78 S.Ct. 1332 (1958); Deutch v. United States, 367 U.S. at 471, 81 S.Ct. 1587; United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Communist Party of United States v. United States, 118 U.S.App.D.C. 61, 331 F.2d 807, 815 (1964); Shaw v. United States, 357 F.2d 949, 960, 174 Ct.Cl. 899(1966).

In McFarland v. American Sugar Refining Co., 241 U.S. at 86, 36 S.Ct. at 501, the Supreme Court said:

" * * * [O]f course the legislature may go a good way in * * * changing the burden of proof, but there are limits. * * * [I]t is not within the province of a legislature to declare an individual guilty or presumptively guilty of a crime."

As Mr. Justice Cardozo concluded in Morrison v. People of State of Calif., 291 U.S. at 96, 54 S.Ct. at 287:

"There can be no escape from hardship and injustice, outweighing many times any procedural convenience, *unless the burden of persuasion * * * [as to an element of crime] * * * is cast upon the People.*

"What has been written applies only to those provisions of the statute that *prescribe the rule for criminal causes.*" (Emphasis ours.)

See also 9 Wigmore, Evidence § 2511 at 407; McCormick, Evidence § 313 at 661.

In the instant case, before the defendant assumed the burden of proof, the state produced an eye-witness who iden-

tified Stump as the assailant at the time and place of the murder. It is true, this is not a case where evidential gaps were filled by use of presumption. Cf. Tot v. United States, 319 U.S. 463, 63 S. Ct. 1241, 87 L.Ed. 1519 (1943). The vital prejudice here is that the instruction compels the jury to belive the state's evidence [6] relating to the defendant's presence at the scene of the crime, unless the defendant is able to overcome its effect by preponderating proof. Thus, as Justice Adams early noted in dissent against the rule in State v. Hamilton, 57 Iowa 596, 11 N.W. 5, 6 (1881), the "true doctrine under such rule would seem to be that the evidence of guilt is aided by a presumption of guilt, if the evidence of innocence relied upon is the evidence of an alibi." The presumptive jump here is at least as dangerous [7] as if it were made from an unrelated fact. In this case, it is created from no facts at all. Here the arbitrary, irrational presumption of guilt persists simply because a man may try to prove his only defense available, to-wit, non-presence.

It is clear that in Leland v. State of Oregon, supra, Mr. Justice Clark takes extreme care to point out (1) that the burden of persuasion as to the elements of the crime never shifts under Oregon law upon the plea of insanity, 343 U.S. at 795, 799, 800, 72 S.Ct. 1002, (2) that the state still has to prove all elements of the crime itself beyond a reasonable doubt, id. at 799, 72 S.Ct. 1002; (3) that the jury could acquit Leland if they found him mentally incapable of the requisite intent to sustain a first or second degree murder conviction, even though the proof fell short of legal insanity, id. at 794, 72 S.Ct. 1002; and (4) that the placing of the burden can be explained by the presumption of sanity recognized in all English courts, id. at 799, 72 S.Ct. 1002.

The defense of alibi is readily distinguishable from the plea of insanity. Basically, alibi relates to the presence of the defendant at the scene of the crime.[8] Proof of the defendant's presence and participation is a wholly indispensable factor to the government's case;

6. The instruction is not permissive but compulsory: "* * * *before you can acquit* * * * by reason of this defense * * * *." (Emphasis ours.)

7. For an illustration of the comparative due process effects of (1) a presumption which shifts the burden of going forward [cf. United States v. Fleischman, 339 U.S. 349, 70 S.Ct. 739, 94 L.Ed. 906 (1950)] and (2) a presumption which acts to shift the burden of persuasion, see the civil case of Western & Atlantic R.R. v. Henderson, 279 U.S. 639, 643–644, 49 S.Ct. 445, 447, 73 L.Ed. 884 (1929), where the Court said:
"Each of the state enactments raises a presumption from the fact of injury caused by the running of locomotives or cars. The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. Gulf, M. & N. R. Co. v. Brown, 138 Miss. 39, 66, [102 So. 855] et seq.; Columbus & G. Ry. Co. v. Fondren, 145 Miss. 679, [110 So. 365]. That of Georgia as construed in this case creates an inference that is given effect of evidence to be weighed against opposing testimony and is to prevail unless such testimony is found by the jury to preponderate.

"The presumption raised by § 2780 is unreasonable and arbitrary and violates the due process clause of the Fourteenth Amendment."

8. In State v. Post, 123 N.W.2d at 18–19, the court in explaining the alibi instruction makes this clear:
"Although the defendant did testify that he was not present at the time and place the holdup was committed, and stated that he was in a tavern some four blocks away at the time, we are not prepared to say that when the defendant testifies in his own defense and claims he was some other place at the time of the crime, an instruction on alibi is required or is proper. The burden of establishing defendant's guilt of the offense charged, of course, does not shift, and we made that clear in the Stump case.
"It is well established in this State that in the absence of the alibi notice required by section 777.18, Code of Iowa, 1962, I.C.A., the defendant may take the stand and claim he was far from the scene of the crime, and only the credibility of his testimony is left to the jury, *with the burden to prove he was at the scene* of the crime *still* resting on the State. State v. Stump,

it is a *sine qua non* to sustain a verdict of guilty. In reality the Iowa instruction shifts the burden of persuasion on an essential element of the crime and thus requires the defendant to assume the onus of proving a negative averment, i. e., non-presence. In contrast to an insanity plea, Stump's defense did not admit the act in any way, or any element of the crime, but rather denied any knowledge of it. Nor is the shift here based upon any conflicting legal presumption involved, as in insanity.

It is also plain that the state cannot justify shifting the burden of persuasion on the basis of the standards set out in Morrison v. People of State of California, 291 U.S. at 88–93, 54 S.Ct. 281, for here the shift does subject the defendant to undue and arbitrary "hardship" and "oppression." There is no "excuse" or "explanation," nor any "balancing of convenience" nor "a greater opportunity for knowledge" on the defendant's part. In fact, under the Iowa statute, Iowa Code Ann. § 777.18,[9] the defendant must give the names of all his witnesses as to the alibi issue to the state but the state has no reciprocal duty. Under such a rule, it is not easy to perceive how the defendant has the balance of knowledge.

■ Beyond violating petitioner's right to have the state assume the burden to prove (beyond a reasonable doubt) his presence at the crime, we think the Iowa instruction and its judicial application is patently offensive in other ways to the defendant's basic constitutional rights. Under the Iowa rule, a defendant pleading alibi faces an anomalous situation. If he does not plead and offer witnesses to corroborate the defense of alibi, the burden of proof never shifts to him and he may rely upon the state's failure to establish his identity and presence beyond a reasonable doubt. This, of course, is often done by attacking the credibility of the state's witnesses, especially by challenging their capacity to have made proper observation. Or if the defendant chooses to rely solely on his own persuasive powers and testify, under the Iowa rule he can still assert an alibi defense without any jeopardy to his basic rights. It is only when the defendant seeks to produce witnesses to corroborate his non-presence that the Iowa rule incongruously penalizes him with the burden of persuasion as to his non-presence. See State v. Stump, 119 N.W.2d at 218 and the more complete explanation of this strange rule in State v. Post, supra note 8, 123 N.W.2d at 18–19. Thus an innocent person, whose only refuge of innocence may be proof of his non-presence and non-participation in the crime itself, must risk this greater burden because he tries to bring witnesses forward to substantiate his story.[10] He must choose between the exercise of two constitutionally guaranteed rights. He must surrender either the right to offer corroborative evidence of his innocence or else his traditional right to have the state assume the burden of proving his guilt beyond a reasonable doubt. Under the Iowa rule he cannot have both. Such a procedure can have no other purpose than to "chill the assertion of constitutional rights by penalizing those who choose to exercise them * * *" This is an impermissible burden. Cf. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); Simmons v. United States, 390 U.S. 377, 88 S.Ct.

---

supra. We also pointed out in the Stump case that it is only when defendant elects to go farther and call witnesses to support his alibi contention that he assumes a burden, i.e. to establish his affirmative allegation or defense." (Emphasis ours.)

9. Because of our reversal, we find it unnecessary to discuss defendant's separate constitutional objection to this statute.

10. It seems elementary that the art of persuasion lies in the art of corroboration.

Under this rule, the defendant's presence at the scene of the crime is thus considered to be an element of the charge if only his testimony disputes it. How it ceases to be such an element when the defendant offers witnesses as to his alibi is a mysterious non sequitur.

967, 19 L.Ed.2d 1247 (1968). Thus, a defendant must carefully consider the risk inherent in offering evidence of his full defense. Any deterrent to the right to be heard in full and to offer evidence in defense of life or liberty violates the oldest and deepest-rooted foundation of due process. The Supreme Court in Powell v. State of Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 77 L.Ed. 158 (1932), characterized the right to be heard as an axiomatic essential of due process.

> "It never has been doubted by this court, or any other so far as we know, that notice and hearing are preliminary steps essential to the passing of an enforceable judgment, and that they, together with a legally competent tribunal having jurisdiction of the case, constitute basic elements of the constitutional requirement of due process of law. The words of Webster, so often quoted, that by 'the law of the land' is intended 'a law which hears before it condemns,' have been repeated in varying forms of expression in a multitude of decisions. In Holden v. Hardy, 169 U.S. 366, 389, [18 S.Ct. 383, 42 L.Ed. 780], the necessity of due notice and an opportunity of being heard is described as among the 'immutable principles of justice which inhere in the very idea of free government which no member of the Union may disregard.' And Mr. Justice Field, in an earlier case, Galpin v. Page, 18 Wall. 350, 368–369, [21 L.Ed. 959], said that the rule that no one shall be personally bound until he has had his day in court was as old as the law, and it meant that he must be cited to appear and afforded an opportunity to be heard."

See also Holt v. Commonwealth of Virginia, 381 U.S. 131, 136, 85 S.Ct. 1375, 14 L.Ed.2d 290 (1965).

The Iowa rule offers different procedural protection to those individuals pleading alibi who (1) are unable to produce witnesses to verify their defense or (2) perhaps may be more willing to forego the production of witnesses to avoid incurring the burden of persuasion as to their innocence. To shift the burden because a particular defendant offering the identical defense happens to be able to present corroborating witnesses, is basically so unreasonable we deem it a patent denial of the equal protection of the laws under the Fourteenth Amendment. There can be no logical rationale behind such an arbitrary distinction. Although on its face the rule may be deemed one of evidence in which a state's procedure is to be given great deference (cf. Salsburg v. State of Maryland, 346 U.S. 545, 74 S.Ct. 280, 98 L.Ed. 281 (1954)), nevertheless the denial of rights justified only as a penalty assessed to a defendant calling witnesses to testify on his behalf cannot be deemed a reasonable justification for the rule.[11] The principle of Yick Wo v. Hopkins, 118 U.S. 356, 373–374, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), is still viable:

> "Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution."

### III.

Last of all, given the constitutional infirmity, we must consider whether it was "harmless" under the circumstances. See Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968).

This issue must be resolved in the context of the state's contention that the complete instructions did not remove the state's burden to prove the crime, and the elements thereof, beyond a reasonable doubt. It is in effect contended that if any inconsistency or error in shifting

---

11. Cf. Commissioner of Public Welfare of City of N. Y. ex rel. Martinez v. Torres, 263 App.Div. 19, 31 N.Y.S.2d 101 (N.Y. Sup.Ct.1941).

the burden of proof as to alibi occurred, it was cured by instructing the jury that the state must still prove defendant's guilt as to the "case as a whole" beyond a reasonable doubt.

■ The difficulty with this approach is that it denies all meaning to the first and second paragraphs of the instructions (see note 5, supra) which emphasize that to acquit the defendant on the defense of alibi he must prove it by the preponderance of the evidence. What purpose has the instruction on alibi if the court's intent was to retract it or change its meaning in the next breath? Could not reasonable minds infer, particularly from the last paragraph of the instruction, that defendant still has the burden of showing non-presence, even though the burden remains with the state to prove *"the crime as a whole"*? Would not a jury feel the instruction on alibi is intended to mean what it says? Again, constitutional error must appear to be harmless beyond a reasonable doubt before we can disregard it. Chapman v. State of California, supra. If inconsistent meanings are conveyed by the instruction, whereby a jury could derive an erroneous understanding of the burden, it is difficult to reason that a reasonable doubt does not exist as to the prejudice involved. We faced the identical question in Glover v. United States, 147 F. at 433, and held that such a curative charge did not remove the error.

In Perez v. United States, 297 F.2d 12, 16 (5 Cir. 1961), the court said:

"It is also fundamental to our jurisprudence that instructions to the jury must be consistent with each other, and not misleading to the jurors. Smith v. United States, 230 F.2d 935 (6th Cir. 1956). The fact that one instruction is correct does not cure the error in giving another that is inconsistent with it. Smith v. United States, supra. Most important, in no condition of proof is it permissible to leave with the jury the idea that it had become the duty of the defendant to establish his innocence to obtain an acquittal. See e. g., Ezzard v. United States, 7 F.2d 808 (8th Cir. 1925)."

See also Mann v. United States, 319 F. 2d 404, 410 (5 Cir. 1963). Where there are "probabilities of confusion" to law-years as well as to laymen, we cannot ignore the prejudice. See Bihn v. United States, 328 U.S. 633, 637, 66 S.Ct. 1172, 90 L.Ed. 1485 (1946). See also Blocker v. United States, 110 U.S.App.D.C. 41, 288 F.2d 853, 856 (1961). The argument for "harmless error" is somewhat difficult to digest where the denial of the right undermines a defendant's only claim to innocence. But perhaps more important, "harmless error" should not be a determinant when a defendant has been forced to choose between two valuable constitutional rights, or has been denied the equal protection of the laws.

In summary, the Iowa instruction in its procedural application was arbitrary and oppressive to the defendant's basic constitutional rights. It penalized the defendant for offering witnesses in his defense, denied him the equal protection of the laws, deprived him of the presumption of innocence and shifted to him the burden of persuasion to negative an indispensable element of the crime, to-wit, his presence and participation at the time and place involved.

■ That an oppressive shifting of the burden of proof to a criminal defendant violates due process is not a new doctrine within constitutional law. Under these circumstances we are not directly faced with issues of retroactivity. We recognize that a panel of this court, in Johnson v. Bennett, 386 F.2d 677, 682–683 (8 Cir. 1967), cert. granted 390 U.S. 1002, 88 S.Ct. 1247, 20 L.Ed.2d 102 (1968), also a habeas corpus proceeding by an Iowa state prisoner, refused relief as to a number of matters, including the alibi instruction. The *Johnson* case concededly has some factual distinctions from the present one. Also significant is the fact that in the *Stump* case, unlike *Johnson*, counsel has carefully preserved by objections throughout the trial and ap-

pellate procedures his argument as to the unconstitutionality of the instruction.

In the present case the burden of proof, along with unilateral duty to disclose witnesses, is placed on the defendant on the only *live* issue of fact in the case. There was no issue on the fact of homicide, the means of homicide or the cause of death. Here the only *live* issue was the presence of the defendant at the scene of the crime.

Subsidiary issues of deliberation and intent relate to the degree of the unjustifiable homicide. However, here the petitioner pleaded complete ignorance or lack of knowledge, and therefore even these issues depended in a significant degree solely on his establishing his alibi. The cumulative effect in this case was to deny due process by affecting the integrity of the fact finding process leading to the conviction. "In all kinds of litigation it is plain that where the burden of proof lies may be decisive of the outcome." Speiser v. Randall, 357 U.S. at 525, 78 S.Ct. at 1342.

The State of Iowa is entitled to a reasonable time to retry this defendant for the crime charged. He must still face the alleged truth of the charge. If proven guilty, he will not go free. However, every person is entitled to the full protection of due process and the equal protection of the laws fundamental to a fair trial. This is singularly true when life or liberty of any individual be involved. A state cannot withhold these rights from some defendants and grant them to others similarly situated. Nor can this court deny these rights even if we felt the evidence conclusively demonstrated guilt. It is not for us to assess the evidence but only to safeguard constitutional guarantees.

Pending a retrial by the state, the district court is instructed to stay further proceedings. Upon retrial, the present petition of Stump for release on habeas corpus should be dismissed. If retrial is not granted within a reasonable time, not to exceed one year from the date of the mandate of this court, or in the event certiorari to the Supreme Court is applied for by the state, not to exceed one year from the mandate of the Supreme Court, the district court is directed to grant Stump's petition for a writ of habeas corpus.

The judgment appealed from is reversed and the case remanded for further proceedings consistent with this opinion.

VAN OOSTERHOUT, Chief Judge, with whom MATTHES and MEHAFFY, Circuit Judges, concur, dissenting:

We respectfully dissent. We would affirm the trial court's judgment dismissing the petition for writ of habeas corpus.

The majority opinion very persuasively demonstrates that the defense of alibi is not an affirmative defense and that an instruction placing the burden on defendant to establish alibi by a preponderance of the evidence is erroneous. We agree. This court so held in Johnson v. Bennett, 8 Cir., 386 F.2d 677. No disagreement exists with the majority view that the defendant has a constitutionally protected right to have the benefit of a presumption of innocence at his trial and to have the burden placed upon the prosecution to establish his guilt beyond a reasonable doubt.

The federal cases cited by the majority opinion in support of a reversal are all cases dealing with a reversal on direct appeal from a federal conviction. It would also appear that the instructions in the cited cases are less explicit in advising the jury that the evidence on alibi is to be considered on the issue of guilt.

The case before us involves a state conviction affirmed by the State Supreme Court on January 15, 1963. State v. Stump, 254 Iowa 1181, 119 N.W.2d 210, cert. denied, 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80. The crime upon which the conviction was based occurred on June 9, 1961. As the majority opinion concedes, due process permits the state a wide range in developing rules of procedure and evidence. Federal appellate courts do not have the same supervisory

power over state courts as they do over federal trial courts. Only arbitrary and oppressive state procedural rules which go to the extent of depriving a defendant of his federally guaranteed constitutional rights warrant upsetting of a state court conviction.

The point of departure from the majority opinion is upon the issue of whether the instructions given when fairly considered as a whole do in fact deprive the defendant of the benefit of the presumption of innocence. It is our view that they do not.

The Supreme Court of Iowa upon defendant's direct appeal, State v. Stump, supra, considered and rejected the constitutional attack here made. The Iowa Court adheres to its long-established rule that alibi is an affirmative defense on which the defendant has the burden of proof. In its opinion, the pertinent applicable law is thus stated:

"In the trial of a criminal case a defendant is not required to do anything. Even though he elects to do nothing the prosecution in order to convict must establish defendant's guilt beyond a reasonable doubt. This burden on the prosecution never shifts. It remains throughout the trial as a shield for defendant." 119 N.W.2d 210, 218.

With respect to the burden of proof alibi, the Court states:

"This goes only to the testimony that he was at some specific place. If established it constitutes an absolute defense. To the extent that it may be an absolute defense it is affirmative in nature. *Even though not affirmatively established it is still defensive against the prosecution's burden of establishing defendant's guilt beyond a reasonable doubt.*" (Emphasis added.) 119 N.W.2d 210, 218.

The challenged instruction, No. 14, is set out in full in the Iowa Supreme Court opinion and is also set out in footnote 5 to the majority opinion. The majority opinion relies largely upon the isolated quoted statement in paragraph 2 of instruction 14 reading:

"* * * before you can acquit the defendant by reason of this defense [alibi] you must find that he has established it by a preponderance or greater weight of the evidence bearing upon it."

Immediately following the portion just quoted and in the same paragraph, the instruction continues:

"If he has established by the greater weight of the evidence that he was on the highway between Des Moines and Knoxville, Iowa, at such a distance from Des Moines that he could not have committed the crime charged herein, you should return a verdict of not guilty."

Thus, the jury is plainly told that if defendant has proved by a preponderance of the evidence that at the time of the crime he was at a place other than the scene of the crime, he should be acquitted forthwith. The instruction does not either by express language or by fair implication state that if defendant has not proved alibi he should be convicted. Nor does the instruction advise the jury that if defendant has not established his alibi the evidence offered in support of alibi can have no further consideration. Instead, the court specifically instructed the jury that in event it has not found for the defendant on the alibi issue, to proceed with the consideration of the case as follows:

"If the defendant has failed to establish this defense by a greater weight of the evidence you should still consider the evidence which has been introduced in support thereof, and if, *after considering the case as made as a whole, including this evidence, you entertain a reasonable doubt as to his having committed the offense charged or either of the included offenses herein, you should return a verdict finding the defendant not guilty.*

"You will understand that the burden of proof referred to in this paragraph rests upon the defendant only

as to the proof that he was on the highway between Des Moines and Knoxville, Iowa, at the time the shooting occurred and at such a distance from Des Moines that he could not have been the person who did the shooting. *By reason of this burden resting upon him, he is not bound or required to prove his innocence as to the whole case, for the burden of proof rests upon the State as to the case as a whole to prove the defendant ·guilty · beyond a reasonable doubt before a verdict of guilty on any of the charges included herein can be returned against him."* (Emphasis added.)

The Supreme Court, this court and other courts have uniformly held that fragments of instructions should not be considered in isolation but that instructions should fairly be considered as a whole and such principle governs in cases where violations of constitutional rights are asserted. United States v. Gainey, 380 U.S. 63, 70–71, 85 S.Ct. 754, 13 L.Ed. 2d 658; Leland v. State of Oregon, 343 U.S. 790, 795, 800, 72 S.Ct. 1002, 96 L. Ed. 1302; McIntosh v. United States, 8 Cir., 341 F.2d 448, 456; Harding v. United States, 8 Cir., 337 F.2d 254, 257; Hayes v. United States, 8 Cir., 329 F.2d 209, 218; Stoneking v. United States, 8 Cir., 232 F.2d 385, 389; United States v. Andreadis, 2 Cir., 366 F.2d 423, 434; United States v. Senior, 7 Cir., 274 F.2d 613, 616–617. See 23A C.J.S. Criminal Law § 1321(1), (2).

Leland v. State of Oregon, supra, affords strong support for an affirmance here. In that case, a murder conviction was affirmed. Oregon by statute required that a defendant pleading insanity should establish such defense beyond a reasonable doubt. Defendant tendered the insanity defense. The trial court, pursuant to the Oregon statute, placed the burden on the defendant on the insanity issue. However, the usual instruction placing the burden upon the prosecution to establish essential elements of the crime beyond a reasonable doubt was given, as is the situation in our present case. In holding that no error was thereby committed, the Court states:

"It is contended that the instructions may have confused the jury as to the distinction between the State's burden of proving premeditation and the other elements of the charge and appellant's burden of proving insanity. We think the charge to the jury was as clear as instructions to juries ordinarily are or reasonably can be, and, with respect to the State's burden of proof upon all the elements of the crime, the charge was particularly emphatic. Juries have for centuries made the basic decisions between guilt and innocence and between criminal responsibility and legal insanity upon the basis of the facts, as revealed by all the evidence, and the law, as explained by instructions detailing the legal distinctions, the placement and weight of the burden of proof, the effect of presumptions, the meaning of intent, etc. We think that to condemn the operation of this system here would be to condemn the system generally. We are not prepared to do so." 343 U.S. 790, 800, 72 S.Ct. 1002, 1008.

The *Leland* Court, at p. 797 of 343 U.S. at p. 1006, of 72 S.Ct., recognizes that the Supreme Court in Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499, "announced the rule for federal prosecutions to be that an accused is 'entitled to an acquittal of the specific crime charged if upon all the evidence there is reasonable doubt whether he was capable in law of committing crime.' "

The Court then states: "The decision obviously establishes no constitutional doctrine, but only the rule to be followed in federal courts." 343 U.S. 790, 797, 72 S.Ct. 1002, 1007. In support of such statement, the Court at p. 799, 72 S.Ct. at p. 1007 observes:

" 'The judicial judgment in applying the Due Process Clause must move within the limits of accepted notions of justice and is not to be based upon the idiosyncrasies of a merely personal judgment. * * * An important

safeguard against such merely individual judgment is an alert deference to the judgment of the state court under review.' Mr. Justice Frankfurter, concurring in Malinski v. People of State of New York, 324 U.S. 401, 417, 65 S.Ct. 781, 89 L.Ed. 1029 (1945). We are therefore reluctant to interfere with Oregon's determination of its policy with respect to the burden of proof on the issue of sanity since we cannot say that policy violates generally accepted concepts of basic standards of justice."

The majority opinion in our present case states that there is more reason for placing the burden of proof of insanity upon the defendant than there is in the alibi situation. This may be conceded. Nevertheless, the reasoning of the *Leland* case to the effect that the instructions as a whole preserve defendant's constitutional right to the benefit of the presumption of innocence is persuasive and convincing authority.

In Johnson v. Bennett, supra, this court rejected a similar attack on the Iowa alibi instruction. In that case, other substantial issues were raised apart from the alibi issue. We are aware that the Supreme Court has granted certiorari in *Johnson*. We have no means of predicting whether the Supreme Court will reach the alibi issue in such case, and if so, what the result will be. Parenthetically, we note that we consider the instructions in the present case somewhat stronger with respect to preserving defendant's constitutional rights than was the situation in the *Johnson* case. It is also noted that the Supreme Court has in quite a number of instances refused to apply new constitutional privileges retroactively. See Johnson v. Bennett, supra. See also, Stovall v. Denno, 388 U.S. 293, 296–301, 87 S.Ct. 1967, 18 L. Ed.2d 1199, where criteria for determining retroactivity of newly announced constitutional privileges are stated.

As hereinabove stated, no disagreement exists with the majority view that an instruction placing the burden of proof of alibi upon the defendant is erroneous. Such an instruction should not be given. It places the jury through a useless gesture of determining whether the defendant met the burden of establishing alibi and if so, it allows for acquittal forthwith. However, the alibi burden of proof instruction is not inconsistent with the clear direction given the jury in the instructions in the present case to the effect that the burden is on the State to prove defendant guilty beyond a reasonable doubt upon the basis of all the evidence, including that offered in support of alibi.

In addition to the clear language of the third and fourth paragraphs of instruction No. 14, the court in other instructions squarely places the burden upon the state to prove all essential elements of the offense beyond a reasonable doubt. The usual instructions on the presumption of innocence and reasonable doubt are given. Thus it appears that when the instructions are fairly considered as a whole, the burden is firmly placed upon the State on the basis of all the evidence, including that offered in support of alibi, to prove defendant guilty beyond a reasonable doubt. Under the instructions given, defendant has been given the full benefit of the presumption of innocence.

The majority opinion in several places speaks of alibi as the sole defense. The defendant entered a plea of not guilty to the indictment. By such plea, as the court properly advised the jury, defendant has put in issue all material allegations of the indictment. The instructions squarely place the burden upon the State to prove all essential elements of the offense charged beyond a reasonable doubt.

Defendant's former fiancee, Leanna Skultety, who knew defendant well, testified positively that she saw the defendant fire the fatal shot. There is corroborating evidence, as outlined in the state trial judge's memorandum overruling the motion for a new trial. A requisite element of the offense is proof that the defendant fired the fatal shot. Obviously a determination by the jury beyond a reasonable doubt that defendant fired the

fatal shot would carry with it a finding that the defendant was within firing range at the time he fired the shot.

The evidence in support of alibi is extremely weak even if the evidence supporting alibi is accepted at face value. The fatal shooting was reported to the police at 8:34 p. m. It apparently was reported promptly but a slight interval necessarily existed between the event and the report. It is defendant's testimony that he left Des Moines about 8 p. m. and that he was en route to Knoxville at the time of the shooting. He states that he arrived at the Mobil Gas Station in Knoxville shortly after 9 p. m. It is undisputed that the distance from the murder scene to the gas station is forty-two and one-half miles. An officer testified that he made the trip between the murder scene and the gas station in forty-seven minutes while observing all speed limits. Richard Kaster, an alibi witness on behalf of defendant, testified that defendant stopped at the gas station between 9:10 and 9:15 p. m. He said he left the gas station to pick up a car eleven blocks distant and that he had looked at his watch when he started that trip and it was 9 p. m. It was shortly after he completed such trip and had pushed a car the eleven blocks back to the station with his pickup that defendant arrived. Neither defendant nor Kaster, nor any other witnesses offered who were at the station, had recently looked at their watches or were able to state with any degree of precision the time when defendant appeared at the station.

Judge Stephenson, in his opinion dismissing the writ, determined upon the basis of the principle stated in Leland v. State of Oregon, supra, that the instructions given, although not a model of clarity, did not constitute "a failure to observe the fundamental fairness essential to the very concept of justice," and that no violation of due process had been established. We agree with such conclusion.

Defendant's contention that § 777.18, I.C.A., is unconstitutional lacks merit.

No cases are cited in support of such contention. Section 777.18 requires a defendant to give written notice of intention to use alibi witnesses and to set forth the name, occupation and address of the alibi witnesses and the substance of what the defendant expects to prove. Such appears to be a reasonable procedural rule designed to expedite the trial. If at the time of the trial defendant for the first time offered evidence that he was at a distant point at the time of the crime, fairness might well require a continuance to permit the State to investigate the truth of such evidence. As is pointed out by Judge Stephenson, the State is required to give a defendant similar information as to evidence to be used in its case in chief, either by minutes attached to the indictment or by notice.

In any event, defendant complied with § 777.18 and there is nothing to show that he was handicapped in any way in presenting any alibi evidence which he might choose to present. No prejudice rising to the dignity of a due process violation has been shown.

The short answer to the majority contention that the defendant was confronted with the dilemma of choosing between two constitutional rights—the right to offer alibi testimony in his defense or the right to have the benefit of the presumption of innocence—is that under the instructions given defendant did not lose any right to have the benefit of the presumption of innocence by the introduction of testimony in support of alibi.

Defendant raises a third point to the effect that his rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States were violated by the reception of evidence of certain allegedly incriminating statements made by defendant to police officers while in custody. Such issue is not reached by the majority opinion.

The trial court found as a fact after an evidentiary hearing that the statements in controversy were voluntary and not coerced, and so determined that inasmuch

**128**

as the case was tried prior to the Supreme Court decisions in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the holding of such cases do not apply under the teaching of Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. We would affirm upon this issue upon the basis of the trial court's opinion.

The right given the State by the majority opinion to retry the defendant is one of doubtful value. In the seven years that have intervened since the commission of the crime, it is likely that some of the witnesses will no longer be available and that the memory of other witnesses will be dimmed by the passing of time. The orderly and fair administration of justice will not be furthered by such a drastic remedy under all the circumstances existing in the record in this case.

The judgment dismissing the petition for habeas corpus should be affirmed.

MATTHES, Circuit Judge, with whom Chief Judge VAN OOSTERHOUT and Circuit Judge MEHAFFY join, dissenting.

I concur in Chief Judge VAN OOSTERHOUT's dissent.

In examining the trial court's comprehensive instructions, I find that the jury was informed on at least twelve different occasions that it was required to determine beyond a reasonable doubt that defendant had committed the offense before it could find him guilty. In this posture, it is inconceivable to me that the defendant was deprived of the presumption of innocence by reason of the alibi instruction. I believe that the jury, presumptively composed of reasonably intelligent persons, understood that all essential elements of the offense had to be established beyond a reasonable doubt. For this reason I am unable to comprehend any rational basis upon which to interfere with the judgment of the state court in this post-conviction proceeding.